Nicholas A. STIRONE, Appellant,

v.

UNITED STATES of America.

No. 14758.

United States Court of Appeals
Third Circuit.

Argued Sept. 15, 1964.

Decided Feb. 11, 1965.

Certiorari Denied May 3, 1965.
See 85 S.Ct. 1446.

Lloyd F. Engle, Jr., Wilner, Wilner & Kuhn, Pittsburgh, Pa., for appellant.

Theodore Wieseman, Criminal Division, Dept. of Justice, Washington, D. C. (Herbert J. Miller, Jr., Asst. Atty. Gen., Gustave Diamond, U. S. Atty., Pittsburgh, Pa., Samuel J. Reich, Asst. U. S. Atty., Allen J. Krouse, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before BIGGS, Chief Judge, and McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This case is before us for the third time. After the conviction of the defendant for extortion under the Hobbs Act (18 U.S.C. 1951) 168 F.Supp. 490, which we affirmed on appeal, 262 F.2d 571 the Supreme Court reversed 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252, on the ground that evidence beyond the scope of the indictment had been admitted into evidence. The matter was remanded to the district court for a new trial. Appellant's brief would have it that appellee errs in saying that the second trial was under the same indictment. According to appellant, " * * * the Supreme Court actually held that indictment to be null and void." In fact the appellant was again tried under the original indictment and on October 6, 1961, again convicted. This court affirmed the conviction at 311 F.2d 277 (1962) and the Supreme Court denied certiorari, 372 U.S. 935, 83 S.Ct. 881, 9 L.Ed.2d 766 (1963). The mandate from this court was filed in the district court on April 25, 1963 and the defendant was committed to the custody of the United States Marshal in accordance with the court's order of the same date. It was not until July 30, 1963, that a petition to vacate sentence under 28 U.S.C. 2255, was filed in the district court.

Appellant's attorney was the same one who had represented him at the first trial, on appeal from that conviction and on the second trial and appeal from its result.

The petition claimed that defendant had not been afforded due process of law because:

"The trial judge was not present at any time during the impaneling or selection of the jury and therefore did not, pursuant to Rule 24 of the Rules of Criminal Procedure, interrogate the prospective jurors on their voir dire or permit counsel to do so.

"7. The selection of the jurors and their voir dire occurred in open court in Courtroom No. 6 but the proceedings relating to the selection of the jury were not reported by an official court reporter as required by the Act of Congress, 28 U.S.C. 753B, nor was any court reporter present in the courtroom during the selection and interrogation of the prospective jurors."

There was a hearing on the petition before the district court. It is conceded that the trial jury was selected in open court. The trial transcript shows that the judge opened court and that in response to his inquiry both counsel said they were "ready". Two attorneys on behalf of the Government were admitted specially for the trial. Then the judge said:

"The Court: All right. All right, gentlemen, proceed with the selection of the jury. As is customary and routine here, Miss Barr will handle the proceedings. There are some 40 jurors back there, I take it, and you all know your challenges. You will proceed. If any questions come up, why, I am right here available."

There was no reportage of the voir dire by the stenographer. The latter was in court. The judge thinks he remained present throughout the voir dire but the stenographer's place in the courtroom is, as the court says in the opinion,

" \* \* \* not generally visible to the trial judge unless he leans forward and checks to see whether the reporter is actually taking shorthand notes or operating the stenotype machine." There is no pretension that the reporter was not available in the courtroom in event there was any dispute during the voir dire. There was no dispute or objection either as to the method of taking the voir dire or with reference to any part of the voir dire itself. The judge asked counsel for the appellant "You didn't make any objection at any time?" The attorney, a trial lawyer of many years experience in the district court and who was one of the Bar Committee who had drafted Rule 19 of the district[1] under which juries, including the one at bar, were drawn, clearly indicated that he had made no objection whatsoever to the method of the jury selection or any part thereof. The judge states in his opinion:

"As trial judge I will categorically state that in the instant case I was present during all of the voir dire which was conducted by Deputy Clerk Barr. However, when the voir dire was completed and counsel commenced making their challenges I left the bench and went to my adjoining chambers some twelve steps away. During the period that counsel were making their challenges, I was not on the bench."

The court had commented at the hearing:

"My practice in criminal cases has been, before and since the Sti-

rone trial, to preside on the bench during the voir dire and until the peremptory challenges are made. I am satisfied that that is what I did in the Stirone case. I have a distinct memory of the voir dire examination. Possibly that is so because the selection of the jury went so smoothly."

■ Appellant would have it that the asking by the deputy clerk instead of the judge himself or counsel as called for by Fed.R.Crim.P. 24(a), of the six standard questions called for by the local Rule 19 and a seventh, presumably agreed to by the attorneys in accordance with the rule, was substantial error. No claim of harm to the appellant is alleged; no claim that the attorney who helped formulate the very rule was prevented from urging the incident as a point on appeal. This is not denial of a jury trial. It is at most a technical error resulting in no harm whatsoever to appellant and completely acquiesced in on his behalf. The defense attorney knowledgeably used the carefully worked out formula for jury selection his own Bar Committee had prepared. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

■ It is also asserted that the absence of the judge from the bench during a portion of the selection of the jury was to the substantial prejudice of the defendant. The judge was present during the voir dire. He left the bench during the later peremptory challenges but was within not more than thirty feet of the bench at that time. There was no fuss

---

1. Rule 19 reads:
    "Examination of Jurors Before Trial.
    "During the examination of jurors before trial, the Clerk, or the representative of the Clerk, conducting such examination shall state to the jurors the name and residence of each of the parties and the nature of the suit, and then the following questions, where appropriate, shall, inter alia, be put to each juror:
    "(a) Do you know any of the parties?
    "(b) Do you know any of the attorneys in the case, or have they represented you or any member of your family?

"(c) What is your present occupation?
"(d) Who is your employer?
"(e) What is the occupation of your husband (wife), and who is his (her) employer?
"(f) Are you, or any member of your family, stockholders in any of the corporate parties?
"(g) Any other question, which in the judgment of the trial judge, after application being made, shall be deemed proper."

by or between counsel as to this stage of the jury selection process. There was no occasion to summon the judge. There was no objection by either side. The absence of the judge during the peremptory challenges, and we are entirely satisfied from the circumstances and the law that this was the only instance where he was off the bench,[2] was definitely with the implied assent of both counsel. Affirmative assent was not necessary under the trial situation. Lack of mention of the incident throughout the trial, motion for new trial or on appeal makes this certain. And it cannot be brushed aside later by a lawyer of twenty-one years experience in the same type of jury litigation in the very same court, making the amazing assertion that he had no responsibility in the matter whatsoever. There was an acceptable waiver of the presence of the judge during the part of the jury empanelment when he was absent.[3] That would seem to have been part of the defense sharply defined low key trial theory and practice which was persevered with throughout the trial, new trial motion and appeal through denial of certiorari by the United States Supreme Court. In view of all that and where everything upon which the defense had really relied had failed, appellant cannot at this stage elect to pursue a course which he not only rejected at all levels of this litigation but which was not a true part of it ever. Johnson v. United States, 318 U.S. 189, 201, 63 S.Ct. 549, 87 L.Ed. 704 (1943); Patton v. United States, 281 U.S. 276, 288–289, 50 S.Ct. 253, 74 L.Ed. 854 (1930).

■■ The remaining point urged is with reference to the failure of the stenographer to take the voir dire. He should have, in accordance with 28 U.S.C. 753(b).[4] But at most, from the unescapable facts, not doing so was a harmless error. · Nothing occurred during the voir dire to the detriment of the defendant. The lack of a transcript covering it was never suggested as damaging any defense point either for a new trial or on appeal. There is no accusation even in this late collateral suit that there was error of any kind in the voir dire examination itself or that the failure of the stenographer to record the voir dire resulted in substantial error. Addison v. United States, 317 F.2d 808, 811 (5 Cir.1963), cert. den. 376 U.S. 905, 84 S.Ct. 658, 11 L.Ed.2d 605 (1964). The facts in Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331 (1964) differ radically from those in this appeal. That decision has no controlling application here. Cf. United States v. Sigal, 837 F.2d 341 (3 Cir.1965).

■ Beyond all doubt we are dealing with what were in their context, minor procedural mistakes. These were accepted by the defense and at the very least, caused it no damage. The stated reasons for never before making the objections urged in this 2255 petition are frivolous. As in Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947) effort is made to magnify the errors to

2. Rule 75(h) Fed.R.Civ.P. See Clawans v. White, 71 App.D.C. 362, 112 F.2d 189 (1940), cert. den. 311 U.S. 646, 61 S.Ct. 16, 85 L.Ed. 412 (1940).

3. Even if there had been no waiver of the judge's presence during the peremptory challenges that would be no ground for relief in a § 2255 proceeding. The mere absence of the judge for a short time, without a showing or allegation of prejudice is not reversible on direct appeal itself. Heflin v. United States, 125 F.2d 700 (5 Cir. 1942), cert. den. 316 U.S. 687, 62 S.Ct. 1276, 86 L.Ed. 1759 (1942). It follows that in this collateral proceeding that type of absence is of no substance.

In fairness to the trial judges of this circuit, hereafter in criminal cases, irrespective of suggestion of waiver by the parties, trial judges will not leave the bench during any part of the voir dire or other jury selection process without recessing the court.

4. Court Reporters of this circuit will note that the Court Reporters Act, 28 U.S.C. 753(b) demands full compliance with its terms. In this particular instance that means that in criminal cases all phases of the jury selection, including the voir dire, will be recorded by the reporter.

constitutional proportions. Palpably there is not a shadow of genuine merit to them individually or collectively. They were not questioned at the trial, on the new trial motion thereafter or on appeal. If it had been deemed advisable to assert those incidents, the defense had every opportunity to do so. As said in Sunal, pp. 183–184, 67 S.Ct. p. 1593, "They did not use it. And since we find no exceptional circumstances which excuse their failure, habeas corpus may not now be used as a substitute." In United States v. Sobell, 314 F.2d 314, 322–323 (2 Cir.1963), the court carefully analyzing 28 U.S.C. 2255, concluded " * * *—in all likelihood too favorably for appellant, and without qualifications which may well be needed in other factual settings—that he should have relief under § 2255 if he has shown (1) a significant denial of a constitutional right, even though he could have raised the point on appeal and there was no sufficient reason for not doing so * * * or (2) a defect seriously affecting his trial, even though not of constitutional magnitude, if it was not correctible on appeal or there were 'exceptional circumstances' excusing the failure to appeal, * * *." Applying those tests to appellant in this collateral attack on his conviction, he fails utterly to qualify for relief. See also Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).

The judgment of the district court will be affirmed.

BIGGS, Chief Judge (concurring).

As set out in the majority opinion there was no recording verbatim by shorthand or by mechanical means of the voir dire examination though a court reporter was in court while that examination was conducted. There was, therefore, no compliance with Section 753(b), Title 28 U.S.C. Had this failure been raised on appeal I would feel compelled to dissent as in the case of United States v. Sigal, 341 F.2d 837 (3 Cir.1965), the opinions in which are filed concurrently with the opinions in this case, but the failure of the court reporter to record

the proceedings at bar does not seem to me to rise to the dignity of a constitutional issue at least under the circumstances of the case at bar.

I am disturbed by the fact that the trial judge left the bench during the course of the peremptory challenges but no prejudice to the defendant could have resulted therefrom and if for a few moments jurisdiction of the cause was lost for this reason it seems to have been regained when the judge resumed his rightful position. I cannot deem the judge's temporary absence to be of sufficient importance to warrant a new trial.