70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herman Walter KREUTZER, Petitioner-Appellant,
v.
William DUNCAN, Warden, Respondent-Appellee.
 No. 94-56328.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 15, 1995.
Decided Nov. 22, 1995.
 
 Before: FARRIS, BRUNETTI and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herman Walter Kreutzer appeals the District Court's denial of his habeas petition. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 I. JUROR MISCONDUCT
 
 3
 Kreutzer contends that he was denied due process by two incidents of juror misconduct.
 
 
 4
 Even if looking up the dictionary definition of "malice" was juror misconduct, "a petitioner is entitled to habeas relief only if it can be established that the constitutional error had 'substantial and injurious effect or influence in determining the jury's verdict.' " Lawson v. Borg, 60 F.3d 608 (9th Cir.1995) (quoting Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993). The burden is on the habeas petitioner to establish this prejudice. Brecht, 113 S.Ct. at 1722.
 
 
 5
 Kreutzer has not established that the juror misconduct relating to the definition of malice had a substantial and injurious effect in determining the jury's verdict. The record reflects that the jurors returned to the judge for clarification of the question after looking at the dictionary definition. They did not reach a conclusion based on the dictionary definition. The trial court properly considered and resolved the issue.
 
 
 6
 Kreutzer contends that the jury conducted lighting and shooting experiments. After full consideration of the allegation, the trial court concluded that the jury did not engage in "unauthorized experiments." They relied on past personal experiences during deliberation. "[A] juror's past personal experiences may be an appropriate part of the jury' deliberations. Inevitably, '[j]urors must rely on their past personal experiences when hearing a trial and deliberating on a verdict.' " United States v. Navarro-Garcia, 926 F.2d 818, 821 (9th Cir.1991), quoting Hard v. Burlington No. RR, 812 F.2d 482, 486 (9th Cir.1987). There was no error.
 
 II. TRIAL JUDGE'S ABSENCE FROM VOIR DIRE
 
 7
 Kreutzer argues that the trial judge's absence from the courtroom during large portions of the voir dire process entitles him to habeas relief. The trial judge absented himself from much of the voir dire only after both counsel consented and stipulated to it.
 
 
 8
 "Jury selection is the primary means by which a court may enforce a defendant's right to be tried by a jury free from ethnic, racial or political prejudice, or predisposition about the defendant's culpability." Gomez v. United States, 490 U.S. 858, 873 (1988) (internal citations omitted). Although trial judges should not leave the bench during the jury selection process, Kruetzer stipulated to the judges absence during voir dire. See Stirone v. United States, 341 F.2d 253, 256 (3d Cir.1965) ("There was an acceptable waiver to the presence of the judge during the part of the jury empanelment when the judge was absent."). Further, Kreutzer made no showing of prejudice from the judge's absence.
 
 
 9
 III. ALLEGED DESTRUCTION, ALTERATION, AND SUPPRESSION OF EVIDENCE
 
 
 10
 Kreutzer claims that the prosecution destroyed, altered, and suppressed evidence. Kreutzer alleges this point and offers only speculation in support. The argument fails.
 
 
 11
 Affirmed.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3