# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3272

_____

| | | |
|---|---|---|
| Jermaine Dana Saunders, | * | |
| also known as "Chatter," | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| United States of America, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: October 19, 2000
Filed: January 10, 2001

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Jermaine Dana Saunders appeals from the decision of the District Court[1] to deny his § 2255 petition without holding a hearing. We affirm.

In 1995, after a six-week jury trial, Saunders was convicted of various federal crimes involving drug trafficking, firearms, fraudulent cellular telephone use, and attempted murder for hire, all related to gang activity in the Twin Cities, Minnesota,

_____

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

area. Saunders was sentenced to life in prison plus additional terms of years. His conviction was affirmed on appeal but the case was remanded for resentencing. United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996). On remand, Saunders again was sentenced to life in prison; he did not appeal.

This appeal arises from Saunders's filing of a petition under 28 U.S.C. § 2255 (Supp. IV 1998) to vacate, set aside, or correct his sentence. The District Court denied the petition without holding an evidentiary hearing. Although the court concluded that most of Saunders's claims were raised and disposed of in his direct appeal, it rejected on the merits Saunders's claim that his trial counsel was constitutionally ineffective. The court then granted a certificate of appealability limited to that issue. Saunders now seeks remand for an evidentiary hearing on this Sixth Amendment claim.

An evidentiary hearing on a § 2255 petition may be denied only if "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. We review the decision to deny such a hearing for abuse of discretion. That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates us to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review de novo. Blankenship v. United States, 159 F.3d 336, 337 (8th Cir. 1998), cert. denied, 525 U.S. 1090 (1999). Accordingly, we must evaluate Saunders's submission to the court and "consider the validity of his allegation of ineffective assistance of counsel" in order to decide if he is entitled to remand for an evidentiary hearing in the District Court. Id. If we can determine from the motion and the supporting record in the case that Saunders is not entitled to § 2255 relief, then no hearing was, or is now, required.

In his petition, Saunders alleges that his trial counsel was ineffective for failing to call witnesses who could have provided an alibi to the cellular telephone fraud charges and who could have testified that Saunders had nothing to do with the

attempted murder for hire. In his brief on appeal, Saunders likewise decries trial counsel's "failure to secure defenses [sic] witnesses." Br. of Appellant at 16. As Saunders himself admits, however, his "habeas petition does not name names and provide statements," not even his own statement. Id. at 17. Not only are the witnesses not identified, but Saunders's motion does not even allude to the substance of their testimony, much less set it out in attested detail. This record, then, is what the District Court had before it when deciding whether Saunders should have a hearing on his § 2255 claim. Because the court determined, after applying the law to the allegations as they were presented in the petition, that Saunders was not eligible for post-conviction relief as a matter of law, a hearing was deemed unnecessary.

The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). As we explain below, we agree with the District Court that Saunders's petition shows that he is unable to show either deficient performance or prejudice, and we therefore conclude that the court did not abuse its discretion in denying Saunders's petition without a hearing.

First, the petition is simply insufficient to raise any issue as to whether trial counsel's failure to call witnesses was the result of sub-par performance by counsel. Without knowing who Saunders would have had counsel call as witnesses and what their testimony in his defense might have been, it is not possible for us—or anyone—to determine whether counsel's failure to identify (assuming trial counsel in fact failed to identify these witnesses) or to call such witnesses was reasonable at the time of trial. See Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000) ("Under the first part of the Strickland test, we consider counsel's performance objectively and gauge whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" (quoting Strickland, 466 U.S. at 688)). Further, the lack of specificity

as to both the identity of the conjectural witnesses and the content of their testimony prevents us from assessing whether there was prejudice to Saunders's defense as the result of counsel's performance, that is, whether there is a reasonable probability that the outcome would have been different but for counsel's alleged failings. See McCauley-Bey v. Delo, 97 F.3d 1104, 1106 (8th Cir. 1996) (applying Strickland prejudice test in 28 U.S.C. § 2254 case), cert. denied, 520 U.S. 1178 (1997). There is no way for us to consider the credibility ("including the likely impeachment") of phantom witnesses, and without an idea of what their testimony might be, we cannot analyze their "interplay . . . with the actual defense witnesses called." Id. In evaluating prejudice, then, that leaves us only to consider "the strength of the evidence actually presented by the prosecution" at Saunders's trial, id., which was, in a word, significant. Thus, Saunders cannot show prejudice from the failure to call his unidentified witnesses. "Because [Saunders] made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective or prejudice." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (citations omitted).

In his brief, counsel for Saunders makes an emotional entreaty to this Court, noting the life sentence Saunders received and his status as a pro se petitioner in the District Court, implying that his appeal deserves special treatment by this Court in these circumstances. We are not persuaded. While a pro se § 2255 petition might require the more liberal construction that a court would give pro se pleadings in any other civil case, Saunders's petition "lack[s] sufficient specificity under even the most liberal pleading requirements." Cooper v. Schriro, 189 F.3d 781, 785 (8th Cir. 1999). Although Saunders's petition shows considerable legal sophistication, it is surprisingly vague when it comes to identifying the alleged witnesses and the substance of their testimony, lacking even an affidavit from Saunders saying who they are and what they know and how that helps his case. Counsel's suggestion that this case merits special treatment is to no avail.

We think it is clear that Saunders is not entitled to § 2255 relief, and therefore the District Court did not abuse its discretion in denying his motion without an evidentiary hearing.  The judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.