243 F.Supp.2d 982 (2003)
George DeLUCA, Petitioner,
v.
UNITED STATES of America, Respondent.
No. 4:01CV00164-SNL.
United States District Court, E.D. Missouri, Eastern Division.
January 15, 2003.
*983 Burton H. Shostak, Moline and Shostak, St. Louis, MO, Fred W. Bennett, Robert W. Biddle, Bennett and Nathans, Greenbelt, MD, for petitioner.
Steven E. Holtshouser, Antoinette Decker, Office of U.S. Atty., St. Louis, MO, for respondent.

MEMORANDUM
LIMBAUGH, Senior District Judge.
This matter is before the Court on Petitioner's Petition Under 28 U.S.C. § 2255 *984 to Vacate and Set Aside Sentence by Prisoner in Federal Custody (# 1), Petitioner's Motion for Recusal (# 19) and Petitioner's Motion for Evidentiary Hearing (# 20). In its order of May 17, 2002, this Court determined that the issue of recusal was of primary concern. Among the claims asserted in his Petition under 28 U.S.C. § 2255, Petitioner argues that certain bench and chambers conferences were held off-the-record during his trial, in violation of the Court Reporter's Act, 28 U.S.C. § 753(b), and that, based solely on the existence of these gaps in the record, a hearing is required to reconstruct the conferences. Petitioner argues that once these gaps in the record are reconstructed through a hearing, other due process claims can be discovered, and further proceedings could be had on those, as yet undetermined, claims. Petitioner further argues that this Court would be a necessary, material witness to such a hearing, and therefore, this Court's recusal is mandated by 28 U.S.C. § 455(b)(5)(iv). Responsive pleadings have been filed. The Court finds it first necessary to rule on the sufficiency of Petitioner's claims under 28 U.S.C. § 753(b) to determine if a hearing on those claims is required. Absent a hearing on Petitioner's Court Reporter's Act claims, there are no grounds for recusal.
Faced with a motion for recusal under 28 U.S.C. § 455 in the context of a petition for post-conviction relief under 28 U.S.C. § 2255, a court may first determine whether a hearing must be held. United States v. Rivera, 802 F.2d 593, 601 (2d. Cir.1986) (citing King v. United States, 576 F.2d 432, 437 (2d Cir.1978)); Panico v. United States, 412 F.2d 1151, 1155-56 (2d Cir. 1969). Finally, Petitioner concedes that this Court is entitled to rule on the motion for an evidentiary hearing. Petitioner's Reply in Support of Motion for Discovery at 16.
The Court must now discuss the merits of Petitioner's claims under the Court Reporter's Act to determine if a hearing on those claims is warranted. Petitioner claims that certain bench and chambers conferences during his trial were not properly recorded in violation of the Court Reporter's Act, 28 U.S.C. § 753 ("Reporter's Act"). The Reporter's Act states in relevant part that:
(b) One of the reporters appointed for each such court shall attend at each session of the court and at every other proceeding designated by rule or order of the court or by one of the judges, and shall record verbatim by shorthand or by mechanical means which may be augmented by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) all proceedings in criminal cases had in open court; (2) all proceedings in other cases had in open court unless the parties with the approval of the judge shall agree specifically to the contrary; and (3) such other proceedings as a judge of the court may direct or as may be required by rule or order of court or as may be requested by any party to the proceeding.

28 U.S.C. § 753 (Emphasis added).
Courts have generally held that bench and chambers conferences are subject to the requirements of the Reporter's Act. See U.S. v. Sierra, 981 F.2d 123, 127 (3d. Cir.1992); United States v. Nolan, 910 F.2d 1553, 1559-60 (7th Cir.1990). This is a mandatory rule, and it is the duty of the trial court rather than the parties, to meet the requirements of the Act. Sierra, 981 F.2d at 127; Nolan, 910 F.2d at 1560 (7th Cir.1990); United States v. Gallo, 763 F.2d 1504, 1530 (6th Cir.1985); United States v. Selva, 559 F.2d 1303, 1305 (5th Cir.1977).
*985 A district court has discretion to decline a motion for evidentiary hearing in a § 2255 proceeding when "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (2002); Saunders v. U.S., 236 F.3d 950, 952 (8th Cir.2001); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir.1994). With respect to Petitioner's Court Reporter's Act claims, dismissal without an evidentiary hearing is appropriate if the "claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw, 24 F.3d at 1043.
Petitioner's Reporter's Act claims are properly dismissed without an evidentiary hearing because a naked violation of 28 U.S.C. § 753(b) cannot be raised in a collateral proceeding under § 2255. In Holt v. United States the Eighth Circuit held that a court reporter's alleged errors, "if they existed, might properly have been raised on appeal, but such errors are not the subject of consideration in a § 2255 proceeding." Holt v. United States, 303 F.2d 791, 793 (8th Cir.1962).
Other federal courts have likewise held that mere violations of the Reporter's Act cannot be raised in a § 2255 proceeding. Casados v. United States, 354 F.2d 688 (5th Cir. 1966) ("[w]hether or not side-bar colloquy needs to be reported ... is not a question that can be raised in a Section 2255 proceeding"); United States v. Chavez, 862 F.2d 1436, 1438 (10th Cir.1988) (claim of a Reporter's Act violation must be accompanied by claim of fundamental rights violation); Houston v. United States, 419 F.2d 30, 34 (5th Cir.1969) (absence of a specific suggestion of error coupled with reporting act violation justifies dismissal of § 2255 claim); Stirone v. United States, 341 F.2d 253, 256 (3d Cir. 1965) (lack of specific allegations bars Reporter's Act claim in collateral proceeding); United States v. Smith, 337 F.2d 49, 54-5 (4th Cir.1964); United States v. Taylor, 303 F.2d 165, 169 (4th Cir.1962); Marsh v. United States, 435 F.Supp. 426, 430 (W.D.Okla.1976) ("the failure to keep complete records of the criminal proceedings is not of itself an error that could be raised in a motion to vacate sentence under § 2255").
Petitioner has cited much authority discussing the importance of accurately recording bench and chambers conferences at the time they are conducted. However, there is no evidence or allegation that any of Petitioner's fundamental rights were impaired by the alleged recording errors. Instead, Petitioner has asserted that once a hearing is completed, "further relief may be merited." Petitioner's Memorandum of Law Supporting Section 2255 Relief at 18 (emphasis added). Petitioner also states that the hearing will "provide the basis to determine whether Petitioner's representation was adequate or his rights adequately protected." Petition at 7 (emphasis added). This is an insufficient showing to justify a hearing for the alleged violations of the Reporter's Act. "The movant under section 2255 must allege specific facts which, if true, would constitute reversible error; otherwise, the district court must deny the motion to vacate." Aeby v. United States, 409 F.2d 1, 2 (5th Cir.1969) (allegations of the failure to comply with the Reporter's Act combined with mere conclusions as to other errors held insufficient to justify hearing).
Even if Petitioner could raise the Reporter's Act issue in this proceeding, there has been an insufficient showing of cause and prejudice to excuse his procedural default of this issue in his direct appeal. Generally, any issue that could have been raised on direct appeal is procedurally barred from § 2255 review, absent a showing of cause and prejudice. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, *986 71 L.Ed.2d 816 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir.1997)(citing Frady).
In the instant case, both of Petitioner's original trial counsel and a third attorney participated in his direct appeal. United States v. Grajales-Montoya, 117 F.3d 356, 360 (8th Cir.1997). The Reporter's Act issue was never raised on direct appeal. Attorney Kessler, Petitioner's lead trial counsel, stated that he is "confident that records were made on all material matters which occurred at sidebar." Respondent's Exhibit 3 ¶ 11. There has been no allegation that gaps in the record included statements made to the jury. Even assuming that Petitioner could raise the issue of the recording errors in this proceeding, Petitioner has not demonstrated cause and prejudice sufficient to require a hearing to reconstruct the record in light of his procedural default on this issue in his direct appeal[1].
Petitioner seeks a fishing license, with the collateral effect of subverting the Congressional goal in enacting § 2255; to hold post-conviction proceedings before the original trial court where the conviction was secured. See United States v. Smith, 337 F.2d at 52, 53 (describing the undesirable features of federal habeas corpus procedure § 2255 was designed to address). Petitioner presents a circular argument that; gaps in the record justify a hearing to reconstruct the record to find errors in the record. This Court is concerned that such a practice would open the floodgates to the reconstruction of every real or imagined gap in any criminal trial transcript long after the proceedings have ended. See Gallo, 763 F.2d at 1531, n. 40 (expressing concern over criminal defendants' potential exploitation of gaps in trial records on direct appeal). Further, by forcing the recusal of the trial court in every such hearing, the courts would again be subject to the very evils that § 2255 was designed to remedy.
Because the naked issue of the unrecorded side-bar conferences cannot be raised in the context of a § 2255 proceeding, and as such issue was not raised on appeal, Petitioner's Reporter's Act claims are properly dismissed without a hearing. Because there will be no hearing, this Court will not serve as a witness, and recusal is not required under 28 U.S.C. § 455(b)(5)(iv).
The parties are advised that the remaining issues raised by Petitioner's Petition Under 28 U.S.C. § 2255 to Vacate and Set Aside Sentence by Prisoner in Federal Custody will be ruled on in due course.
NOTES
[1] The Court notes that, even in the context of direct appeal, violations of the Reporter's Act require a showing of prejudice to justify relief. See Gallo, supra; Nolan, supra; Selva, supra. The most strict application of the Reporter's Act was articulated in Selva, where the Fifth Circuit held that if the defendant had different counsel on appeal, a Reporter's Act violation resulting in a significant gap in the record is per se error. Selva, 559 F.2d at 1305-6. Where the same counsel participate in trial and appeal, prejudice must be shown. Id. at 1306. Application of a different standard "may invite counsel to plant the seeds of reversible error during a trial ... and reap the benefit by utilizing different counsel on appeal." Gallo, 763 F.2d at 1531 n. 40; citing Selva. Petitioner has not even satisfied the most lenient threshold for raising a Reporter's Act violation on direct appeal by showing prejudice. Yet the dangers cited by the Sixth Circuit in Gallo are even more pronounced in the context of the present § 2255 proceeding.