# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3704

_____

Gabriel Rios,                                  *
                                               *
    Petitioner-Appellant,          *    Appeal from the United States
                                               *    District Court for the
v.                                             *    District of Minnesota.
                                               *
United States of America,                      *          [UNPUBLISHED]
                                               *
    Respondent-Appellee.           *

_____

Submitted: April 3, 2007
Filed: April 26, 2007

_____

Before BYE, BRIGHT, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gabriel Rios filed a motion seeking relief under 28 U.S.C. § 2255 for ineffective assistance of counsel because his attorney may have failed to arrange a proffer meeting with the Government to discuss Rios's eligibility for the "safety valve" sentencing provisions of U.S.S.G. §§ 5C1.2(a)(5) and 2D1.1(b)(7) (2004)[1].

_____

[1]The district court sentenced Rios under the 2004 Sentencing Guidelines. Section 2D1.1(b)(7) was renumbered in the 2006 Guidelines at § 2D1.1(b)(9).

The district court[2] denied Rios's motion without a hearing, but granted a certificate of appealability. We affirm the district court's denial of § 2255 relief.

A jury convicted Gabriel Rios of conspiring to possess with the intent to distribute methamphetamine, aiding and abetting possession with intent to distribute methamphetamine, and distributing methamphetamine. At trial, Rios testified in his own defense. He admitted he orchestrated a meeting between a potential buyer and seller of methamphetamine, attended the exchange, and accepted a three hundred dollar cut from the buyer in the transaction. He defended his role by explaining that he was only attempting to connect a buyer and seller.

A probation officer calculated Rios's base offense level at 36, with a sentencing guideline range of 188-235 months of imprisonment. The presentence report noted Rios's possible qualification for the "safety valve" provisions of U.S.S.G. §§ 5C1.2(a)(5) and 2D1.1(b)(7):[3] "The defendant has no criminal history points. Should

---

[2]The Honorable Donovan Frank, United States District Judge for the District of Minnesota.

[3]Section 5C1.2(a) of the Sentencing Guidelines states, in part:

the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1)   the defendant does not have more than 1 criminal history point, . . . ;

(2)   the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)   the offense did not result in death or serious bodily injury to any person;

the Government accept a proffer from the defendant, he would be eligible for a 2-level reduction, according to § 5C1.2(a)(5) (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) and § 2D1.1(b)(7)." Report at ¶ 26. Yet there is no indication in the record that defense counsel attempted to arrange for Rios to make a proffer to the Government.

At sentencing, the district court sentenced Rios to 120 months of imprisonment, the mandatory minimum and a 36% departure from the low end of his Sentencing Guidelines range. The district court stated: "I do not want to leave the impression that but for the mandatory minimum, I would have dropped to 84 months or something less than that, because I believe on all of the factors before me that that is a fair and reasonable sentence."

Rios filed a motion to vacate his sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel. He asserted that his attorney failed to notify him of the proffer opportunity or request a proffer meeting to satisfy the "safety valve"

---

(4)    the defendant was not an organizer, leader, manager, or supervisor of others in the offense, . . . ; and

(5)    *not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."*

(Emphasis added.) Section 2D1.1(b)(7) of the 2004 Sentencing Guidelines provides, "[i]f the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by **2** levels."

3

requirements. He argued that but for his counsel's failure to arrange for the proffer, his guideline range would have been 151-188 months (base offense level of 34) and the district court would have similarly departed 36% from the lowest end of the range, avoiding the statutory minimum and sentencing him to 97 months' imprisonment. The district court denied Rios's motion without a hearing because he failed to establish counsel was ineffective for failing to schedule a proffer meeting with the Government or that Rios would have proffered if given the opportunity.

This court reviews *de novo* the district court's denial of Rios's § 2255 motion without an evidentiary hearing. See Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006).[4] The denial of a § 2255 motion without an evidentiary hearing will be affirmed "only if the motion, files, and record conclusively show the movant is not entitled to relief." Id. The district court did not err in dismissing Rios's § 2255 motion without a hearing if (1) his "allegations, accepted as true, would not entitle" him to relief, or "(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Id. (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).

In order to successfully challenge his sentence under § 2255, Rios must satisfy the test enunciated in Strickland v. Washington, 466 U.S. 668, 693 (1984): he must demonstrate that his "counsel's representation fell below an objective standard of reasonableness" resulting in prejudice. In an attempt to satisfy the first prong of Strickland, Rios maintains that his counsel never informed him of his eligibility for "safety valve" reduction. Rios presented no affidavit to support his assertion. Even accepting his allegations as true, we are not persuaded that counsel's representation

---

[4]"[This court] review[s] the decision to deny such a hearing for abuse of discretion. That standard is somewhat misleading, however, because review of the determination that no hearing was required obligates [the court] to look behind that discretionary decision to the court's rejection of the claim on its merits, which is a legal conclusion that we review *de novo*." United States v. Saunders, 236 F.3d 950, 952 (8th Cir. 2001).

in this case rose to the level of constitutionally deficient performance. Given Rios's testimony at trial, his counsel reasonably could have determined that Rios could not successfully fulfill the "safety valve" requirement that Rios provide a truthful proffer.

In addition, even if failure to notify Rios of his proffer opportunity in these circumstances constituted unreasonable representation, Rios has not met the prejudice prong of Strickland. Rios must be able to show with reasonable probability that but for the deficient representation, the result of his sentencing would have been different. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). He argues that he would have received an additional two-year reduction to his sentence. The district court, however, explicitly stated when sentencing Rios below his Sentencing Guidelines range: "I do not want to leave the impression that but for the mandatory minimum, I would have dropped to 84 months or something less than that, because I believe on all of the factors before me that that is a fair and reasonable sentence." There is no indication that the district judge would have further reduced Rios's sentence had the statutory minimum not applied or had his base offense level been 34 with an imprisonment range of 155-188 months. Rios has not demonstrated that but for counsel's failure to arrange a proffer with the Government, he probably would have received a lesser sentence.

For the reasons set forth above, we affirm the district court's denial of relief.
_____