NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2454
_____

DAWN LANELLE BROWN,
Appellant

v.

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
MICHAEL WENEROWICZ; HAROLD KERTES; JAMES MEINTEL; REED DAVY;
DOUGLAS BENNER; MARTIN KUZAR; STEPHEN NOLL; JOHN DOES 1-10
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:15-cv-00918)
Magistrate Judge: Honorable Martin C. Carlson (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 1, 2022
Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: November 2, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Dawn Brown appeals pro se from the District Court's judgment, which was entered in favor of the defendants following a bench trial in this civil rights action. We will affirm the District Court's judgment.

I.

Brown is a former correctional officer for the Pennsylvania Department of Corrections ("DOC") who, in 2014 and 2015, made complaints of wrongdoing within the DOC to prison staff and outside agencies such as the FBI, the United States Department of Justice, and the Pennsylvania Governor, in addition to filing private criminal complaints and airing her grievances on Facebook. Around this time, Brown became the subject of disciplinary proceedings related to: (1) sending an allegedly inappropriate email to Deputy James Meintel after he pointed out cleanliness issues in the prison block to which Brown was assigned; (2) refusing to work mandated overtime on December 25, 2014; (3) refusing orders, abandoning her post, possessing unregistered handcuffs, and bringing a controlled substance into the facility without obtaining clearance to do so on January 13, 2015; and (4) violating the DOC's social media policy. These proceedings concluded with Brown's termination in July 2015.

In an amended complaint filed against the DOC and several individual defendants, Brown alleged violations of Title VII of the Civil Rights Act of 1964, the First and Fourteenth Amendments, and state law. After the defendants moved for summary judgment, all of Brown's claims were dismissed except for her claim that she was terminated in retaliation for her protected conduct in violation of the First Amendment. The remaining defendants—James Meintel, Reed Davy, Douglas Benner, Martin Kuzar,

2

Harold Kertes, and Michael Wenerowicz—were individual DOC employees who were involved, in different respects, in the events leading up to or surrounding Brown's termination. The parties consented to trial by a Magistrate Judge, and a four-day bench trial was held,[1] at the conclusion of which Brown conceded that she failed to prove her claim against Kuzar. Judgment was therefore promptly entered in Kuzar's favor. The Magistrate Judge later entered judgment in favor of the remaining defendants, concluding that Brown failed to prove that they violated her First Amendment rights. Brown filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] "After a bench trial, . . . we review the District Court's factual findings, and mixed questions of law and fact, for clear error, and we review the Court's legal conclusions *de novo*." Alpha Painting & Constr. Co. Inc. v. Del. River Port Auth. of Pa. & N.J., 853 F.3d 671, 682-83 (3d Cir. 2017).

## III.

In her opening brief, Brown disputes a number of the District Court's factual findings and contends, in essence, that the District Court erred in concluding that she

---

[1] Brown was represented by counsel in earlier stages of litigation before the District Court, including in filing her amended complaint and during summary judgment proceedings, but she represented herself at trial.

[2] While Brown also listed several unnamed individuals as defendants, she did not serve them, so they are not parties for purposes of Fed. R. Civ. P. 54(b) and do not affect this Court's jurisdiction. See Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989); United States v. Studivant, 529 F.2d 673, 674 & n.2 (3d Cir. 1976).

3

failed to establish a violation of the First Amendment. To establish a claim of retaliation under the First Amendment, Brown had to show that: (1) her speech was protected by the First Amendment, and (2) the defendants' retaliatory actions were substantially motivated by the protected activity. See Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006). A defendant may defeat a retaliation claim "by demonstrating [that the defendant] would have reached the same decision . . . even in the absence of the protected conduct." Baldassare v. State of N.J., 250 F.3d 188, 195 (3d Cir. 2001) (citation and internal quotation marks omitted). The first question—whether a public employee's speech was protected—is a legal one, while the latter two inquiries are factual. Id. Here, even assuming Brown's speech was protected, we discern no clear error in the District Court's conclusion that Brown failed to establish a claim of retaliation against all defendants and that, even if she had, the defendants demonstrated that she would have been terminated even if she had not engaged in protected conduct.

We have noted that, "[f]or protected conduct to be a substantial or motiv[ating] factor in a decision, the decisionmakers must be aware of the protected conduct." Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002). Here, Benner, Davy, and Meintel—each of whom were only tangentially involved in Brown's termination—testified that they were not familiar with Brown's complaints to outside agencies or of the information on her Facebook pages. Although Brown focuses much of her brief on contending that the defendants were dishonest, she has failed to point to objective evidence refuting their testimony. We therefore cannot conclude that the District Court erred in crediting these defendants' testimony. See Anderson v. City of Bessemer City,

4

470 U.S. 564, 575 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error."). To the extent that Brown argues that Meintel's inspection and criticism of the housing block in which Brown worked was done in retaliation for a request she had filed to be separated from a particular inmate, we agree with the District Court that there is no evidence that Meintel's inspection was motivated by Brown's request.[3] Indeed, Brown was not even on duty on the date of the inspection, Meintel's criticism of the block was not directed at Brown, and Meintel testified that he routinely inspected housing blocks for cleanliness.

As for Kertes and Wenerowicz, there is no question that both were aware of at least some of Brown's speech during the relevant period. Regardless, we agree with the District Court that Brown's claims against these defendants also fail. Brown's claim against Kertes appears to turn on her belief that he falsely accused her of violating the DOC's social media policy after he investigated her Facebook posts, thus contributing to her termination.[4] Her claim against Wenerowicz is based on his decision to terminate her

---

[3] We note, moreover, that public employees' internal complaints or requests, such as Brown's separation request, generally do not constitute protected speech. See Baldassare, 250 F.3d at 195 (noting that, to qualify for protection, a public employee's speech "must involve a matter of public concern").

[4] As the District Court noted, Kertes, the Chief of Investigations for the Office of Special Investigations and Intelligence, was merely responsible for investigating Brown's social media posts and reporting his findings after his office received an anonymous complaint that the posts may have violated DOC policies; he did not play a role in recommending

5

following her pre-disciplinary conference. Putting aside any disagreements that Brown has with the findings of Kertes's social media investigation, however, Wenerowicz testified—and Brown's termination letter confirmed—that Brown's conduct on January 13, 2015, of disobeying orders, leaving her post, possessing unregistered handcuffs, and bringing an unauthorized controlled substance into the facility, provided a basis for her termination independent of any violation of the social media policy, particularly because of Brown's failure to take accountability for her actions. Brown has not pointed to evidence showing that the District Court erred in accepting this justification. Thus, we discern no clear error in the conclusion that the defendants successfully demonstrated that Brown would have been terminated regardless of any protected activity.[5]

Brown devotes a substantial portion of her briefs on appeal to arguing that the Magistrate Judge and District Judge who presided over her case were biased against her. She also raises numerous arguments pertaining to her claim against Kuzar and contends that the defendants violated state whistleblower law. Each of these arguments lacks merit. First, we have reviewed the record of proceedings below and see no evidence of

---

discipline against Brown.

[5] To the extent that Brown argues that the defendants prevented her from defending the charges against her in her pre-disciplinary conference, this contention lacks support in the record, which shows that Brown voluntarily left the conference and provided no testimony refuting the charges against her. We also agree with the District Court that Brown's suggestion that the entire incident of January 13, 2015, was manufactured to retaliate against her and lead to her termination is implausible. Moreover, to the extent that Brown argues that she was fired for speaking to a news outlet on July 30, 2015—the day her termination letter was dated—the District Court did not err in determining that the decision to terminate Brown was made several weeks before that date.

bias on the part of the District Judge or Magistrate Judge. See Arrowpoint Cap. Corp. v. Arrowpoint Asset Mgmt., LLC, 793 F.3d 313, 330 (3d Cir. 2015) (explaining that "adverse rulings . . . are not in themselves proof of prejudice or bias"). Second, we agree with the Appellees that Brown's claims against Kuzar and under state whistleblower law have been waived. Specifically, Brown conceded at trial that she had failed to prove that Kuzar was aware of any protected activity on her part. Kuzar was accordingly dismissed from the action, and Brown cannot resurrect her claim against him on appeal. See United States v. Carter, 19 F.4th 520, 524 (1st Cir. 2021) (reasoning that "[a]n argument is waived when a party purposefully abandons it, either expressly or by taking a contrary position at trial" (citation and internal quotation marks omitted)). The same goes for Brown's claim under state whistleblower law, which she expressly abandoned, through counsel, at the summary judgment phase.[6]

Accordingly, we will affirm the District Court's judgment. Brown's motions to compel discovery are denied, as there is no provision for discovery on appeal. See In re

---

[6] Regarding any new arguments that Brown raises and exhibits she has filed with this Court that were not admitted in the District Court, we decline to consider them for the first time on appeal. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 88 n.12 (3d Cir. 2013) (explaining that this Court does not typically consider claims raised for the first time on appeal); In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990) ("This Court has said on numerous occasions that it cannot consider material on appeal that is outside of the district court record."). And to the extent that Brown argues that she is entitled to a new trial because of a missing transcript of a pretrial conference, that argument is without merit. The District Court has approved an official record of the pretrial conference pursuant to Federal Rule of Appellate Procedure 10(c), and Brown has not identified any reason why the transcript is relevant to the issues raised here. Cf. United States v. Sierra, 981 F.2d 123, 126 (3d Cir. 1992) (reasoning that a record that has been reconstructed pursuant to Rule 10 often "will enable the appellate court effectively to review the relevant issues").

7

Capital Cities, 913 F.2d at 96. To the extent that Brown intends to challenge the District Court's refusal to compel certain discovery below, we note that the District Court denied Brown's motions to compel without prejudice upon ordering the parties to confer regarding the confidential material that Brown sought, and it does not appear that Brown ever renewed her request. Brown's motion to disqualify Judge Carlson from further decision-making in this case is denied for the same reasons that we have rejected Brown's contentions that he was biased against her. Brown's motion to seal Exhibit 18 is granted as follows: the Clerk is directed to seal the exhibit, docketed at ECF No. 15-5, for a period of 25 years. However, Brown's motion docketed at ECF No. 34 to seal various other exhibits is denied. Brown has failed to comply with Local Appellate Rule 106.1 with respect to that motion, as she did not file all documents that she wishes to seal in a separate volume of the appendix, and Brown has failed to justify sealing the entire flash drive on which her exhibits were provided to the Court. See 3d Cir. L.A.R. 106.1(a); In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001) (recognizing "presumption of public access" to court filings). This decision is without prejudice to Brown's filing a proper motion to seal that complies with Rule 106.1. Brown's request to remove her address and other personal information from documents filed in this case is denied.

---

We have considered Brown's remaining arguments and conclude that they lack merit.