**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert Cameron TAYLOR,**
**Defendant-Appellant.**

**No. 78–5615.**

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1979.

Robert Cameron Taylor, pro se.

John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

**154**

Before WISDOM, HILL and VANCE, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Taylor was convicted of two counts of violating 26 U.S.C.A. § 7205 by supplying his employer with false statements in order to reduce tax withholdings, one count of aiding and abetting a violation of 26 U.S.C.A. § 7205, and one count of submitting false claims to a federal agency in violation of 18 U.S.C.A. § 287. While, as we explain below, we find it necessary to remand this case to the district court to determine whether the provisions of the Court Reporter Act, 28 U.S.C.A. § 753, were complied with, we have carefully considered the remainder of appellant's allegations of error and find them to be without merit.

The sole issue warranting discussion in this appeal involves the court reporter's failure to make a verbatim transcript of the trial judge's charge to the jury. As is customary in his courtroom, the trial judge gave a written copy of the charge to each juror and allowed them to take the copies into the jury room. The court reporter did not attempt to transcribe the charge as the judge read it from the bench. Our problem arises from the fact that, while the written charge is part of the record on appeal, we have no way of knowing whether there was any variance between that writing and the oral charge.

 Section 753(b) of the Court Reporter Act, 28 U.S.C.A. § 753(b), requires that a verbatim transcript be made of "all proceedings in criminal cases had in open court." As we have stated on many occasions, the rule "is mandatory . . . and is *not* to be overridden by local practice." *United States v. Brumley,* 560 F.2d 1268, 1280 (5th Cir. 1977). Despite this statement, and despite our expressed displeasure with the failure of many courts to comply with the relatively simple requirements of the Act, *see United States v. Smith,* 591 F.2d 1105, 1109 (5th Cir. 1979); *United*

*States v. Brumley,* 560 F.2d 1268, 1281 (5th Cir. 1977), we have not chosen to adopt a per se rule requiring reversal for any and all omissions. Instead, we apply one of two standards, depending on whether or not the defendant is represented on appeal by the same attorney that represented him at trial. *United States v. Selva,* 559 F.2d 1303, 1305–06 (5th Cir. 1977). In *Selva,* we held that where the defendant is represented by the same attorney at trial and on appeal, reversal is called for only if the defendant can "show that failure to record and preserve the specific portion of the trial proceedings visits a hardship upon him and prejudices his appeal." *Id.* at 1305; *see, e.g., United States v. Smith,* 591 F.2d 1105, 1108 (5th Cir. 1979); *United States v. Alfonso,* 552 F.2d 605, 620 (5th Cir. 1977). Where, however, the defendant is represented by new counsel on appeal, all that need be shown is a substantial and significant omission in the transcript. *United States v. Selva,* 559 F.2d 1303, 1305 (5th Cir. 1977); *United States v. Gregory,* 472 F.2d 484, 486 (5th Cir. 1973). The instant case does not fit neatly into either category. Although Taylor was represented by counsel at all stages of the trial, he decided to pursue this appeal without the aid of an attorney. Because we conclude that, under the facts of this case, a remand to determine whether the written charge can be treated as part of the transcript is appropriate, we leave for another day the question whether a criminal defendant who is assisted by counsel at trial but chooses to represent himself on appeal must show that he was prejudiced by the court reporter's failure to transcribe a portion of the trial proceedings.

 We find support for our decision to remand in *United States v. Perkins,* 162 U.S.App.D.C. 321, 498 F.2d 1054 (D.C.Cir. 1974), wherein the D.C. Circuit discussed the question whether a copy of a written charge is an adequate substitute for a verbatim transcript of the trial judge's oral charge. Emphasizing the "plain need for an accurate transcript of what the jury is told," the court indicated that such a practice would be tolerated "only if the reporter

has a copy [of the written charge] in advance, and is vigilant to call the matter to the attention of the judge if there has been a . . . departure" from the charge as written. *Id.* 162 U.S.App.D.C. at 325, 498 F.2d at 1058. While we cannot perceive of a trial court having any difficulty in ensuring literal compliance with Section 753(b), we hold that a written charge that is certified by the court reporter as a verbatim account of the judge's oral charge satisfies the requirements of the Act.

In light of our holding, it will be necessary for the district court to hold a hearing to determine whether the court reporter had a copy of the written charge and can certify that it was read to the jury as written. The judgment of the district court is, in all other respects, Affirmed.

AFFIRMED in part; and REMANDED in part.