**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Robert Cameron TAYLOR,
Defendant–Appellant.**

**No. 80–1750
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Nov. 26, 1980.

**420**

Robert C. Taylor, pro se.

J. A. Canales, U.S. Atty., John M. Potter, Asst. U.S. Atty., Houston, Tex., for plaintiff–appellee.

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

Appellant, Robert Cameron Taylor, was convicted of two counts of violating 26 U.S.C.A. § 7205 by supplying his employer with false information in order to reduce his tax withholdings, one count of aiding and abetting a violation of 26 U.S.C.A. § 7205, and one count of submitting false claims to a federal agency in violation of 18 U.S.C.A. § 287. This Court affirmed the conviction on appeal but remanded the case to determine whether the written charge given to the jurors was the same as the oral charge given to the jurors from the bench, in order to assure compliance with the Court Reporter Act, 28 U.S.C.A. § 753(b). *United States v. Taylor*, 607 F.2d 153, 154–55 (5th Cir. 1979). On remand, the District Court determined that the written charge and oral charge were in fact the same. The District Court subsequently denied Taylor's motion for leave to proceed In Forma Pauperis, on the grounds that any appeal would be "frivolous." Taylor appeals from denial of this motion.

We pretermit a determination of the propriety of the District Court's denial of Taylor's motion for leave to proceed In Forma Pauperis and address the merits. The only issue on which Taylor is entitled to an appeal at this point is the jury charge issue. We have made an independent examination of the oral charge, which the Court Reporter has certified was given by the judge from the bench, and the written charge given the jurors. The District Court determined that the two charges were identical. The one technical requirement which we ordered to be satisfied on remand was, therefore, clearly satisfied and any appeal on this point is without merit. The District Court's memorandum opinion, therefore, is summarily affirmed.[1]

AFFIRMED.

---

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir., 1969, 406 F.2d 1158.