ROBERT C. TAYLOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 29903-81.
United States Tax Court
T.C. Memo 1983-691; 1983 Tax Ct. Memo LEXIS 89; 47 T.C.M. (CCH) 351; T.C.M. (RIA) 83691; November 23, 1983. Keith Aqui, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Helen A. Buckley pursuant to section 7456(c) of the Code and Rule 180. [1] The Court agrees with and adopts her opinion which is set forth below. [2]
*91 OPINION OF THE SPECIAL TRIAL JUDGE BUCKLEY, Special Trial Judge: This case is before us on respondent's motion for summary judgment. There is no issue of material fact before us and therefore summary judgment is appropriate. See Rule 121(b). We have determined to grant respondent's motion in full for each of the taxable years involved herein. Respondent determined deficiencies, and additions to tax as follows: Additions to Tax
Taxable Year Ended
Tax § 6651(a) § 6653(a)
Dec. 31, 1975
$746.30
$75.78
$37.31
Dec. 31, 1976
563.00
124.00
28.15
Dec. 31, 1977
1,691.00
261.00
84.55
Dec. 31, 1978
1,741.00
386.00
87.05
Dec. 31, 1979
4,152.00
996.00
207.60
In his petition for redetermination, petitioner contended that wages are not subject to taxation and that he was not required to file a return under the provisions of section 6012(a). In an amended petition, petitioner added an allegation of the bar of the statute of limitations for the years 1975, 1976 and 1977. At the time of filing the petition and amended petition, petitioner resided in Houston, Texas. In his answer, the Commissioner made affirmative allegations *92 that petitioner did not file income tax returns for the taxable years 1975, 1976 and 1977. Petitioner claimed in a "traverse" to the respondent's answer that he had filed "5th Amendment returns," and went on to question the jurisdiction of this Court. Subsequently, the respondent, upon leave of the Court, filed an amendment to his answer and alleged that petitioner's deficiencies for the years in question were due to fraud, and claimed additions to tax pursuant to sections 6653(b) and 6654. Respondent made various affirmative allegations in his amendment to his answer to support his imposition of additions to tax under section 6653(b) and 6654. Petitioner did not reply to these allegations and respondent moved for entry of an order under Rule 37(c) that the undenied allegations of fact be deemed admitted. Despite the direction of this Court that the respondent's motion would be denied if proper reply was filed, petitioner failed to respond to the facts alleged, contenting himself to once more claiming that the Tax Court was without jurisdiction over him and the subject matter of this action. After hearing, at which the petitioner did not appear, respondent's motion was granted *93 and the undenied allegations of fact set forth in specific subparagraphs (a) to (ac) of paragraph 7 of his amended answer were deemed admitted. These facts are as follows: (a) During the years 1975 through 1979, the petitioner resided in Houston, Texas, and was employed principally as a stevedore. (b) During 1975 through December 21, 1977, the petitioner was married to Phyllis A. Taylor. The petitioner and Phyllis A. Taylor were divorced on December 21, 1977. (c) Phyllis A. Taylor is the petitioner in Docket No. 12914-81 S. (d) During the years in issue, the petitioner received the following wages for his services as a stevedore: Year
Wages
1975
$10,201.95
1976
5,225.72
1977
17,691.85
1978
11,843.62
1979
20,515.70
(e) In addition to the amounts set forth above, the petitioner also received taxable income from the Maritime Association I.L.A. Vacation Fund during 1975, 1977, 1978, and 1979 as follows: Year
Income
1975
$357.82
1977
798.71
1978
419.53
1979
412.53
(f) During 1975, the petitioners also received $5.44 in dividend income from the I.L.A. 1273 Federal Credit Union, and $17.20 in Welfare Fund Income from *94 the Maritime Association. (g) During 1975 through 1977, the petitioner's spouse was employed by Covington Nursery & Garden Center, Houston, Texas, and received wages of $4,084.51, $5,849.00, and $5,644.80, respectively. (h) During each of the years in issue, the petitioner instructed the West Gulf Maritime Association not to withhold income taxes from his wages. For each year, he executed and provided West Gulf Maritime Association with either a Form W-4 falsely claiming excessive withholding allowances or a From W-4E, falsely claiming that he did not incur any tax liability in the prior year and that he did not anticipate incurring a tax liability in the current year. (i) For taxable year 1973, the petitioner and his former spouse filed a joint income tax return, reporting thereon their joint wages and other income and the tax due thereon. This was the last income tax return filed by the petitioner. (j) For 1974, 1975, and 1977, the petitioner submitted to the respondent Forms 1040 on which he reported no income, deductions, or tax due. Each of these Forms 1040 had statements thereon and attached thereto objecting to the payment of income taxes. (k) For 1976 and 1978 *95 through 1981, the petitioner did not file or submit for filing any returns or other Forms 1040. (l) Robert C. Taylor is the same person who was the defendant in the criminal case of United States v. Robert C. Taylor, Criminal Action No. H-78-15, U.S.D.C., S.D., Texas, Houston Division. (m) A certified copy of the indictment filed on January 31, 1978, in said criminal case, which sets forth the charges against the defendant, the petitioner herein, is attached hereto as Exhibit A and incorporated by reference. (n) The petitioner on February 17, 1978, refused to enter a plea to the charges set forth in the indictment, and a plea of not guilty was entered by the Court. (o) On May 8, 1978, after a trial on the merits before of jury, the jury in said case rendered its verdict finding the petitioner guilty of violating two counts of 26 U.S.C. § 7205 and one count each of 26 U.S.C. § 7205 by virtue of 18 U.S.C. § 2 and 18 U.S.C. § 287, as charged in the indictment. A certified copy of the District Court's judgment is attached hereto as Exhibit B. (p) The judgment of the District *96 Court was affirmed in United States v. Taylor,607 F.2d 153 (5th Cir. 1979) and 631 F.2d 419 (5th Cir. 1980). (q) On June 8, 1976, petitioner filed a civil suit in the United States Court, Southern District of Texas, Houston Division (Civil Action No. 76-H-946) against the Commissioner of Internal Revenue, the United States Attorney General and seven other Internal Revenue Service employees and their spouses seeking damages and a restraining order to prevent or impede the investigation of petitioner's income tax liabilities and to intimidate the Internal Revenue Service employees in said investigation. The suit was dismissed with prejudice on September 10, 1976, on the defendant's motion. (r) On October 15, 1976, the petitioner again filed an almost identical civil suit in the same court (Civil Action No. 76-H-1693) against eight of the same persons as in the prior suit, plus the District Court judge in the prior suit. This case was likewise dismissed with prejudice on April 6, 1977. (s) During the taxable years in issue, the petitioner failed to maintain, or to submit for examination by the respondent when requested, complete and adequate books *97 of account and records of his income-producing activities as required by applicable provisions of the Internal Revenue Code of 1954, and the regulations promulgated thereunder. (t) The petitioner's individual gross income for 1975 through 1979, taking into consideration the community property laws of Texas for the years 1975 through 1977, is as follows: Year
Gross Income
1975
$7,333.46
1976
5,537.36
1977
12,067.68
1978
12,263.00
1979
20,928.00
(u) The petitioner's individual tax liabilities, exclusive of additions to tax for 1975 through 1979 are: Year
Tax Due
1975
$746.30
1976
563.00
1977
1,691.00
1978
1,741.00
1979
4,152.00
(v) The additions to tax due from the petitioner pursuant to sections 6653(b) and 6654 for 1975 through 1979 are: Year
6653(b)
6654 [3]
1975
$373.15
$37.31
1976
281.50
28.15
1977
845.50
84.55
1978
870.50
87.05
1979
2,076.00
207.60
*98 (w) The failure of the petitioner to maintain complete and accurate records of his income-producing activities and his failure to produce complete and accurate records to the respondent in connection with the examination of his income tax liabilities for the taxable year[s] 1975 to 1979, inclusive, were fraudulent with intent to evade tax. (x) The failure of the petitioner to file income tax returns and to report his correct taxable income and income tax liabilities for the taxable years 1975, 1976, 1978, and 1979 was due to fraud with intent to evade tax. (y) The failure of the petitioner to pay his income tax liabilities for the taxable years 1975 to 1979, inclusive, was due to fraud with intent to evade tax. (z) The submission for filing by the petitioner of Forms 1040 for 1975 and 1977 reflecting no taxable income and no income tax liability due and owing was due to fraud with intent to evade tax. (aa) The submission by petitioner of false Forms W-4 and W-4E to his employers during 1975 to 1979, inclusive, was due to fraud with intent to evade tax. (ab) The filing of the two civil suits (Civil Action Nos. 76-H-946 and 76-H-1693) as set forth in paragraphs 7(q) and *99 (r), above, seeking to restrain the Internal Revenue Service from investigating his income tax liabilities and seeking damages from Internal Revenue Service employees and their spouses in an effort to impede the investigation and intimidate the Internal Revenue Service employees was due to fraud with intent to evade tax. (ac) A part of the underpayment of tax which petitioner was required to show on income tax returns for taxable years 1975, 1976, 1977, 1978, and 1979 was due to fraud with intent to evade tax. The indictment charged petitioner with filing false Forms W-4 with his employer in 1975 and 1976; with aiding and abetting another person in 1976 to supply a false Form W-4E; and with filing a false claim and representation in 1975 for the purose of causing an income tax refund to be made to him. After a jury trial, petitioner was found guilty on July 6, 1978, on all counts and was sentenced to serve 18 months' imprisonment. The petitioner, although given ample opportunity by this Court, has refused to respond to the Commissioner's factual allegations. He has limited himself to contending that his wages from services do not represent income to him, that he is not a "person" *100 subject to the Internal Revenue laws of this country, and that this Court, whose jurisdiction he invoked by filing his petition herein is without jurisdiction over him. It would be an exercise in hyperbole to cite all of the cases which have held that earnings from one's services fall within the section 61 definition of gross income. Similarly unworthy of extended discussion is petitioner's argument that he is not a person liable for tax. See, e.g., our recent opinion in Rowlee v. Commissioner,80 T.C. 1111, 1119 (1983). Petitioner has realized his share of community property income from his services and those of his wife for each of the years 1975 through 1977, and his individual gross income for the years 1978 and 1979 as set forth in subparagraph (t) of the Commissioner's amended answer and the amounts of tax due thereon are as set forth in subparagraph (u) of the amended answer, all of which amounts have been deemed admitted by this Court pursuant to Rule 37(c). Petitioner failed to file valid federal income tax returns for 1975 and 1977. The documents filed by him do not constitute income tax returns because they do not contain any information relating *101 to his income and deductions from which tax can be computed. See United States v. Daly,481 F.2d 28 (8th Cir. 1973); United States v. Porth,426 F. 2d 519 (10th Cir. 1970); Reiff v. Commissioner,77 T.C. 1169, 1176-1180 (1981). In 1976, 1978 and 1979 he failed to file any returns whatsoever. Thus, as to all of the years in question, the statute of limitations presents no bar. Sec. 6501. Unlike the presumption of correctness which generally attaches to determinations made in the notice of deficiency, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), the burden of proving the applicability of the addition to tax for fraud is on respondent. Sec. 7454(a); Rule 142(b). In order to sustain this burden, respondent must affirmatively show, through clear and convincing evidence, that petitioner underpaid his taxes and that such underpayment resulted from an intentional wrongdoing designed to evade taxes believed to be owing. Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); Stone v. Commissioner,56 T.C. 213, 220 (1971); Beaver v. Commissioner,55 T.C. 85, 92 (1970). *102 Although respondent need not show the precise amount of the underpayment which resulted from fraud, Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), affg. a Memorandum Opinion of this Court, it must at least be shown by affirmative evidence that some fraudulent underpayment of tax in fact existed in order for respondent to prevail. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). If respondent establishes that petitioners fraudulently underpaid their taxes in any amount, the section 6653(b) addition to tax attaches to the entire deficiency. Shaw v. Commissioner,27 T.C. 561, 570 (1956), affd. 252 F.2d 681 (6th Cir. 1958). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978).The burden placed upon the respondent can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). See Miller v. Commissioner,T.C. Memo 1983-476, and Hindman v. Commissioner,T.C. Memo 1983-389. *103 Here, material factual allegations in respondent's reply have been admitted and conclusively established. In our view, those facts set forth above clearly and convincingly establish fraud with intent to evade tax and we rely on them in sustaining respondent's determinations under section 6653(b). Petitioner omitted all items of income from his purported returns for 1974, 1975 and 1977 and filed no returns whatsoever for the years 1976, 1978, 1979, 1980 and 1981. He did this despite his knowledge of required reporting procedures, as evidenced by his earlier proper return in 1973. He instructed his employer, during each of the years in question not to withhold income taxes from his wages, filing false withholding returns to effectuate this end. In 1978 he was indicted for filing false withholding returns and false refund claims, was convicted after a jury trial and was sentenced to prison. Despite this, he continued to fail to file income tax returns for the years 1978 through 1981. He filed civil suits in 1976 in an attempt to impede investigation into his returns. During all of the years in question he failed to maintain or to submit complete and adequate books of account and *104 records of his income producing activities. Respondent has more than borne his burden of proving the existence of fraud for each of the years in question. The admitted affirmative factual allegations suffice to carry respondent's burden of proof herein. Doncaster v. Commissioner,77 T.C. 334 (1981). Petitioner was given ample opportunity to reply to the affirmative allegations of the amended answer. He himself chose not to do so. He could have been heard had he so wished but he chose to remain silent. [4]
We hold that respondent has succeeded in proving fraud for each year in question. We therefore hold that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) as determined in amount by respondent. In addition, we hold petitioner liable for the mandatory additions to tax under section 6654 for failure to pay estimated taxes as determined (and subsequently reduced) by respondent. Respondent's motion for summary judgment will be granted in every respect. Under section *105 6673, whenever it appears to this Court that proceedings before it have been instituted by the taxpayer "merely for delay," damages in an amount not in excess of $500 shall be awarded to the United States by the Court in its decision and thereafter assessed and collected as a part of the tax.An exhaustive discussion of reasons why such damages are awarded is set forth in Perkins v. Commissioner,T.C. Memo 1983-474. We see no need to reiterate that discussion here.Upon review of the record before us, we conclude that this case was brought merely for delay and the $500 maximum damages will be awarded pursuant to section 6673. [5]
An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Since this is a pre-trial motion, the Court has concluded that the post-trial procedures of Rule 182 are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.↩
3. The Commissioner, in his Motion for Summary Judgment herein, conceded that no additions to tax under section 6654 are due for the years 1975, 1976 and 1978. He also conceded that the correct section 6654 additions for 1977 and 1979 are $34.20 and $164.89, respectively.↩
4. We note that petitioner, in his opposition to respondent's motion for summary judgment, continues on his relentless course of frivolous and stale claims.↩
5. Petitioner should be advised that for proceedings commenced after December 31, 1982, this section permits this Court to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 574.↩