**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 18, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 04-50938

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE LUIS MALDONADO,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(2:03-CR-668-1)**

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On 16 August 2004, Jose Luis Maldonado was sentenced, *inter alia*, to 262-months imprisonment, after a jury convicted him of possessing marijuana, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Proceeding *pro se*, he challenges, *inter alia*: the sufficiency of the evidence; and his career-offender sentencing enhancement. **CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On 29 August 2003, Border Patrol Agents in Texas were informed that a tractor-trailer carrying narcotics might cross the Cline checkpoint on Highway 90 around 3:00 a.m. Around 3:15 a.m., Maldonado's tractor-trailer entered Cline's primary inspection area, where Agents questioned him about his truck's contents and destination. Upon inspecting the bill of lading, which Maldonado had signed, Agents determined he was considerably off his travel route. When questioned, Maldonado nervously told Agents he took a 12-hour detour to deliver his wife and child to Del Rio. Agents requested, and Maldonado consented, to a search of the trailer.

A narcotics-trained canine immediately alerted on the rear of the trailer and went into a "pinpoint stare" at the front. When Agents approached the trailer's rear doors, they smelled air freshener, which, they later testified, is often used to mask narcotics' odors. At the rear doors, the dog alerted again.

Commercial trailers are sealed using an aluminum strip roughly half an inch wide by five inches long to prevent tampering with the load inside; the seal is then stamped with a number reflected on the bill of lading. At trial, an Agent testified trailer seals can be removed and replaced without breaking them. After recording and matching Maldonado's trailer's seal number to that on the bill of lading, Agents broke the seal and opened the doors, revealing pallets of antifreeze with 12 duffel bags on top. Entering the trailer, Agents smelled a stronger air-freshener scent

and found the trailer's interior walls wet with the fragrance. When asked what the bags contained, Maldonado responded: "That is not mine". He then became aggravated and cursed while being handcuffed and read his **Miranda** rights.

Further inspection revealed: the duffel bags held approximately 953 pounds of marijuana wrapped in cellophane blocks; broken seals were in the trailer; and Madonado's cab contained, *inter alia*, a pair of night-vision goggles and a logbook bearing no entries for the previous two days. At trial, an Agent testified the marijuana would have sold for approximately $450 per pound in the San Antonio area.

## II.

The delay in this appeal demands explanation. As noted, Maldonado is proceeding *pro se*. He had counsel at trial (February 2004) and sentencing (August 2004). On appeal, he changed counsel in December 2004, and in October and December 2005, before proceeding *pro se* in May 2006. Before Maldonado's motion to relieve his last attorney was granted, that attorney had already filed Maldonado's opening brief. That brief was withdrawn, and Maldonado filed his substitute *pro se* brief in August 2006. He filed his *pro se* reply brief in December 2006 (and his corrected reply brief in January 2007).

Regarding his conviction, Maldonado contends: the evidence was insufficient to convict him of knowingly possessing marijuana

3

with the intent to distribute it; the district court erroneously refused to suppress evidence of the marijuana; and the jury was inadequately instructed because the court reporter failed to transcribe the jury charge. These contentions fail.

For his sentence, he asserts his career-offender enhancement was improper under Guidelines § 4B1.2. The Government concedes error.

A.

Concerning the insufficiency-of-the-evidence claim, the denial of Maldonado's motions for judgment of acquittal is reviewed *de novo*. *E.g.*, **United States v. Burns**, 162 F.3d 840, 847 (5th Cir. 1998). Viewing the evidence in the light most favorable to the verdict, we accept the jury's credibility choices and reasonable inferences. *E.g.*, **United States v. Anderson**, 174 F.3d 515, 522 (5th Cir. 1999). Restated, a conviction must be upheld if a rational jury could have found the Government proved the offense's essential elements beyond a reasonable doubt. **Id.**

Maldonado maintains the evidence fails to establish he knew the marijuana was in his trailer. Needless to say, knowledge is an essential element of drug offenses for possession with the intent to distribute. *See* 21 U.S.C. § 841(a); **United States v. Moreno**, 185 F.3d 465, 471 (5th Cir. 1999). Ordinarily, such knowledge may be inferred from a defendant's control over the narcotics' location. **Moreno**, 185 F.3d at 471. When drugs are concealed,

4

however, additional circumstantial evidence is required. *Id.*; *see also*, *United States v. Diaz-Carreon*, 915 F.2d 951, 954 (5th Cir. 1990) (it is a "fair assumption that a third party might have concealed the controlled substance[] in the vehicle with the intent to use the unwitting defendant as the carrier in a smuggling enterprise").

Maldonado's trailer contained 953 pounds of marijuana, valued at more than $400,000. The jury could have reasonably inferred he would not have been entrusted to transport such a large value or quantity of narcotics without his knowledge. *E.g.*, *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003) (large quantity or high value of narcotics is probative of knowledge); *United States v. Ramos-Garcia*, 184 F.3d 463, 465-66 (5th Cir. 1999) (70 pounds of hidden marijuana evincing knowledge).

The jury also could have reasonably inferred Maldonado's knowledge of the marijuana through his nervousness, conflicting statements, or implausible story. *Diaz-Carreon*, 915 F.2d at 954-55. The evidence showed, *inter alia*: the trailer was loaded and sealed at a warehouse near Houston, Texas; the trailer was weighed before and after loading; a digital photograph of the load was taken before the trailer was sealed; despite his employer's policy forbidding detours, Maldonado rerouted 12 hours out of the way to Del Rio (approximately 320 miles each way), instead of delivering the load directly to San Antonio per the bill of lading; in further

5

contravention of his employer's requirements, and of the law, Maldonado failed to maintain his truck's log book for at least two days; and night-vision goggles were *not* necessary for a driver's duties in the trucking business. The weighing and the digital photograph demonstrate the trailer could not have contained the weight (over 900 pounds) of the marijuana when it left the warehouse. The remaining circumstantial evidence casts serious doubt on the claim that Maldonado took his child and wife to Del Rio in his fully-loaded, 80,000 pound truck in the dead of night. *Id.* His nervousness further supports the jury's inference of knowledge. *Id.* In short, ample evidence supports a reasonable jury's finding, beyond a reasonable doubt, Maldonado knew he was transporting marijuana.

## B.

Regarding the denial of his motion to suppress the marijuana, Maldonado contends, for the first time on appeal, the Agents extended his primary checkpoint questioning beyond the time permitted by the Fourth Amendment. He also maintains his consent was not voluntarily given. In his reply brief he asserts the Agents exceeded the scope of their delegated powers. When error is properly preserved, a suppression ruling is reviewed *de novo*; factual findings, for clear error. *E.g.*, **United States v. Castro**, 166 F.3d 728, 731 (5th Cir. 1999). But "[g]enerally, if a party fails to timely raise an issue in district court, we will review it

6

for plain error unless the party made its position clear to the district court and to have objected would have been futile". *United States v. Castillo*, 430 F.3d 230, 242 (5th Cir. 2005). Plain, although not *per se* reversible, error exists if a clear or obvious error affected a party's substantial rights. *E.g.*, *United States v. Olano*, 507 U.S. 725 (1993).

In district court, Maldonado merely claimed his consent was limited to the Agents looking at the back of his trailer, not to their looking inside the trailer. The district court ruled it need not reach the issue because "there was adequate evidence to give rise to probable cause to search the trailer". We agree.

Because Maldonado did *not* preserve in district court his claim concerning the duration of the primary-checkpoint questioning, it is reviewed only for plain error. *Castillo*, 430 F.3d at 242. Maldonado fails to show a clear or obvious error because uncontradicted testimony at the suppression hearing was that the initial questioning in the primary checkpoint, including when he consented to the search, "took no more than one minute". "[A] couple of minutes" is a permissible duration for a checkpoint stop. *United States v. Machuca-Barrera*, 261 F.3d 425, 435 (5th Cir. 2001). Moreover, the Border Patrol may extend a checkpoint stop to search for drugs based on "consent or probable cause". *Id.* at 434. Thus, no clear error exists.

Regarding Maldonado's remaining contention, not raised until his reply brief, it goes without saying that this court does not consider issues raised for the first time in a reply brief. *E.g.*, **United States v. Jackson**, 50 F.3d 1335, 1340 n.7 (5th Cir. 1995).

## C.

Maldonado next asserts the jury was inadequately instructed because the court reporter neglected to transcribe the jury charge. The Court Reporter Act requires a verbatim transcript of all proceedings in open court in a criminal case. 28 U.S.C. § 753(b); **United States v. Taylor**, 607 F.2d 153, 154 (5th Cir. 1979). For reversal, however, depending on whether defendant has the same counsel on appeal as at trial, a defendant must show an omission either "prejudice[d] his appeal" (same counsel) or concerns "a substantial and significant portion of the record" (new counsel). **United States v. Selva**, 559 F.2d 1303, 1305-1306 (5th Cir. 1977). Here, of course, Maldonado is proceeding *pro se*. *See* **Taylor**, 607 F.2d at 154 (not having to decide standard for *pro se* appellant).

The district court provided a copy of the jury charge to each juror and asked them to read it along with the court. The court also provided Maldonado a copy of the charge, and the record contains the charge, signed by the Judge. Maldonado, of course, was present at trial. Moreover, proceeding *pro se*, he does *not* allege any error in these copies of the charge. Accordingly,

8

regardless of the legal standard to be applied, Maldonado fails to show reversible error.

D.

Finally, Maldonado contends the district court violated *United States v. Booker*, 543 U.S. 220 (2005), in finding he was a career offender under Guidelines § 4B1.2. *Inter alia*, Maldonado claims the district court erred in characterizing as violent a prior Washington state-court third-degree assault conviction, which that court had deemed non-violent.

Because Maldonado's trial counsel timely raised an objection at sentencing pursuant to *Blakely v. Washington*, 542 U.S. 296, 302 (2004) (facts used in state court to increase a sentence beyond the statutory maximum must be proved to a jury beyond a reasonable doubt), his challenge is reviewed for harmless error. *See United States v. Mares*, 402 F.3d 511, 520 n.9 (5th Cir. 2005) ("if ... the Sixth Amendment issue presented in *Booker* ... is preserved in the district court by an objection, we will ordinarily vacate the sentence and remand, unless ... the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure."). The Government concedes it cannot demonstrate the error was harmless.

III.

9

For the foregoing reasons, Maldonado's conviction is **AFFIRMED**; his sentence is **VACATED**; and this matter is **REMANDED** to district court for resentencing.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*