# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 16, 2010

No. 09-10815
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BLANCA MARIBEL VIRGEN,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-3-1

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Blanca Maribel Virgen appeals her jury trial convictions and sentences for conspiracy to distribute 50 grams or more of methamphetamine and maintaining a drug-involved premises at her home. She was sentenced to a total of 360 months of imprisonment and a five-year term of supervised release. Virgen argues on appeal, inter alia, that her conviction must be reversed because a substantial and significant portion of the record is missing on appeal. She asserts that the entire second day of trial which included the jury instructions,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the proceedings related to the return of the verdict, and the polling of the jury have not been transcribed. As such, she contends that she cannot perfect her appeal and reversal is thus required.

Part of Virgen's argument is not supported by the record. Following the filing of her initial brief, this court granted Virgen's motion to supplement the record with the transcript of the second day of trial and to amend her brief. The transcript reflects that the entire second day of trial was transcribed, including the proceedings related to the juror note, the return of the verdict, and the polling of the jurors. Thus, the only omission at issue before this court is the transcription of the jury charge.

Virgen is represented by new counsel on appeal. Thus, she need only show that there is "a substantial and significant portion of the record" missing. *See United States v. Selva*, 559 F.2d 1303, 1306 (5th Cir. 1977). A jury charge has been determined to be "a 'substantial and significant' portion of the trial record." *United States v. Pace*, 10 F.3d 1106, 1125 (5th Cir. 1993). Although the record contains a copy of the written jury charge, it is unclear from the record whether there was any variance between that written and oral charge given by the court. *See United Stats v. Taylor*, 607 F.2d 153, 154 (5th Cir. 1979). Accordingly, we hereby remand this case to the district court for the limited purpose of conducting a hearing to determine whether the court reporter had a copy of the written charge and can certify that it was read to the jury as written. The district court is directed to return the case to this court for further proceedings once a ruling has been made. The Cerk's office is directed to allow the parties an opportunity to file supplemental briefs, if necessary.

LIMITED REMAND.