# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2011

No. 09-10815

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BLANCA MARIBEL VIRGEN

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-3-1

Before GARWOOD, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Defendant-Appellant Blanca Maribel Virgen of one count of conspiracy to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and one count of maintaining a drug-involved premise at her home, in violation of 21 U.S.C. § 856(a)(2).  Virgen appealed her conviction and sentence on several grounds.  For the reasons discussed within, we AFFIRM the judgment of the district court in all respects.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10815

I

In 2008, a grand jury indicted Virgen, her husband, Jaime "Jimmy" Vazquez, and several other co-defendants with conspiracy to distribute fifty grams or more of methamphetamine.[1]  After an initial jury trial resulted in a mistrial, the government sought, and received, a superseding indictment, which added the charges of maintaining a drug-involved premise at Virgen's home, as well as at an auto shop run by Virgen and Vazquez.  In 2009, the second case was tried before a jury, which convicted Virgen on the conspiracy count and the maintaining a drug-involved premise at her home.  The jury acquitted Virgen on the charge of maintaining a drug-involved premise at the auto shop.  At sentencing, the district court downwardly departed from the imprisonment range recommended by the United States Sentencing Guidelines ("Sentencing Guidelines"), sentencing Virgen to a total of 360 months of imprisonment and a five-year term of supervised release.

Virgen appealed her conviction and sentence contending that the district court erred by limiting the testimony of a witness, by denying her motion for judgment of acquittal, and by issuing a sentence that was substantively unreasonable.  In addition, Virgen argued that we should reverse her conviction because a substantial and significant portion of the trial had not been transcribed.  The record from Virgen's second trial contained a written copy of the jury charge, but the trial transcript did not include the district court's reading of the charge.  Virgen argued that she could not perfect her appeal because of this omission.  We remanded the case to the district court for the limited purpose of a hearing to determine whether the court reporter could certify that the charge was read to the jury as written.  *United States v. Virgen*,

___

[1] Both parties' briefs refer to Vazquez as Virgen's husband.  At trial, however, defense counsel established that Vazquez and Virgen were not married. To eliminate confusion, we will refer to Vazquez as Virgen's husband because that is how the parties reference him.

No. 09-10815

386 F. App'x 500, 501 (5th Cir. 2010).  The trial court held a hearing in which the court reporter testified and certified that the charge was read to the jury as written.  After these proceedings, we requested supplemental briefing on the issue of the trial transcript omissions.  The parties submitted briefs and Virgen continued to assert that reversal is required due to the transcript omission.

II

Virgen argues that a substantial and significant portion of the record is missing, which requires our reversal of her conviction.  The Court Reporter Act requires a verbatim transcript of all proceedings in open court in a criminal case. 28 U.S.C. § 753(b); *United States v. Taylor*, 607 F.2d 153, 154 (5th Cir. 1979). "'As we stated on many occasions, the rule 'is mandatory . . . and is not to be overridden by local practice.'" *Taylor*, 607 F.2d at 154 (quoting *United States v. Brumley*, 560 F.2d 1268, 1280 (5th Cir. 1977)).  We have not, however, "adopt[ed] a per se rule requiring reversal for any and all omissions." *Taylor*, 607 F.2d at 154. "Instead, we apply one of two standards, depending on whether or not the defendant is represented on appeal by the same attorney that represented him at trial." *Id.* (citing *United States v. Selva*, 559 F.2d 1303, 1305–06 (5th Cir. 1977)).  For appeals in which a defendant's counsel differs for trial and appeal, we will reverse a conviction only if the defendant shows that the omission is truly substantial and significant. *Taylor*, 607 F.2d at 154.  Our reversal of the trial court is inappropriate when the omission is merely technical or when we can determine "from the balance of the record whether an error has been made during the untranscribed portion of the proceedings." *Selva*, 559 F.2d at 1306 & n.5.  And, in cases where a court reporter fails to transcribe a jury charge, we have held that a written charge included in the record "that is certified by the court reporter as a verbatim account of the judge's oral charge satisfies the requirements of the Act." *Taylor*, 607 F.2d at 155.  On appeal, Virgen is represented by a different attorney than the one who represented her at trial.

No. 09-10815

Thus, to warrant reversal, the transcript omission must be truly substantial and significant. *Id*. at 154.

Despite the court reporter's certification that the jury charge was read to the jury as written, Virgen argues that the omission is material because her former counsel has "indicate[d]" to her appellate attorney that "there were errors in the reading" of the jury charge. This unsubstantiated allegation does not demonstrate that the missing portion of the transcript is substantial and significant. More importantly, the written jury charge, which was included in the record, was certified by the court reporter to be a verbatim account of the district court's oral charge. Under our precedent in *Taylor*, this means that the transcript omission is merely technical, does not violate the Court Reporter Act, and does not warrant reversal. *Id*. at 155; *Selva*, 559 F.2d at 1305 n.5.

In her supplemental brief, Virgen argues that in addition to the jury charge, additional portions of proceedings from the second day of trial were not transcribed. Virgen made an identical argument in her opening brief, which we rejected when we remanded the case to the district court. In our prior opinion, we stated that the "transcript reflects that the entire second day of the trial was transcribed, including the proceedings related to the juror note, the return of the verdict, and the polling of the jurors." *Virgen*, 386 F. App'x at 501. And, we specifically noted that "the only omission at issue before this court is the transcription of the jury charge." *Id*. at 501. The record clearly refutes Virgen's allegation on this point and we will not reverse her conviction because of a minor transcript omission.

### III

Virgen's second issue on appeal relates to the district court's decision to exclude testimony related to Vazquez's drug dealing and sexual relations with other women. Virgen agues the district court erred by excluding this testimony

because it demonstrated her lack of knowledge about Vazquez's drug-dealing activities.

We review a defendant's challenge to the district court's evidentiary decisions under an abuse of discretion standard. *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Garcia*, 530 F.3d 348, 351 (5th Cir. 2008) (internal quotation and citation marks omitted). "An abuse of discretion in excluding evidence, however is subject to a harmless error review." *Id.* Rule 403 of the Federal Rules of Evidence permits the district court to exclude evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or" if the evidence would mislead the jury and waste time. FED. R. EVID. 403. The trial court's discretion under this rule is broad. *United States v. Edelman*, 873 F.2d 791, 795 (5th Cir. 1989). "The trial judge, having heard the testimony, is in the best position to determine whether such testimony would be confusing or misleading to the jury." *Id.*

At trial, Virgen sought to question an FBI agent about how Vazquez delivered methamphetamine to women in motel rooms and consumed the drugs, or had sex, with them. The trial court curtailed defense counsel's questioning, stating that such inquiry confused the issues, wasted time, and had little probative value. Virgen objected at trial, which preserved the issue for appeal. Virgen contends that the district court's exclusion of the evidence prevented her from demonstrating that she was unaware of her husband's drug dealing and infidelity. We disagree. The indictment did not discuss motel-room drug deals by Vazquez or his sexual encounters with other women. Thus, testimony exploring this had no relevance to whether Virgen knew about, or participated in, the conspiracy. Furthermore, evidence about Vazquez's hotel-room drug deals and trysts with women is not probative of any consequential fact because

the testimony had no tendency to make Virgen's knowledge about the numerous sales of methamphetamine at the house or auto shop more or less probable. Therefore, the district court did not abuse its discretion by excluding this testimony.

IV

Virgen contends that the district court erred by denying her motion of acquittal because the Government offered insufficient evidence of her knowledge of, and willful participation in, the conspiracy. Virgen also contends that the evidence was insufficient to prove that she managed or controlled the residence from which methamphetamine was sold.

We will affirm the jury's verdict if "a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982) (en banc). On appeal, the evidence and all reasonable inferences drawn from it are to be viewed in the light most favorable to the government. *Id.* "In addition, all credibility determinations are made in the light most favorable to the verdict." *United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999). "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998) (internal quotations and citations omitted). If the evidence, however, "gives equal or nearly equal circumstantial support to a theory of guilt or innocence," the court should reverse because "under these circumstances a reasonable jury must necessarily entertain a reasonable doubt." *United States v. Ramos-Garcia*, 184 F.3d 463, 465 (5th Cir. 1999) (citations and internal quotation marks omitted).

To prove Virgen conspired with another to distribute methamphetamine, the Government had to show that two or more individuals agreed to commit the crime of distribution of methamphetamine, that Virgen knew of the unlawful

agreement and joined in it with the intent to further the unlawful purpose, and that the conspiracy involved more than fifty grams of a substance containing methamphetamine. 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. For a jury to properly convict Virgen on the second count of the indictment, maintaining a drug premise at her home, the Government had to prove that Virgen managed or controlled the residence as an occupant, and that she knowingly and intentionally made the residence available for use for the unlawful purpose of storing, distributing, or using methamphetamine. 21 U.S.C. § 856.

Virgen argues that the Government's evidence was insufficient to prove that Vazquez's methamphetamine dealing was "done as a result of some affirmative action on the part of" Virgen. At most, Virgen contends, the Government's evidence proved she was "dutiful wife" who was unaware of her husband's drug dealing. But the record disproves these assertions. Among other things, testimony from those who worked for the drug conspiracy showed that Virgen had served as an accountant for the illicit operation and that she was personally involved in resolving conflicts that arose from the drug business. In addition, testimony from witnesses demonstrated that Virgen had repeatedly delivered methamphetamine with Vazquez or to him at the auto shop. After Virgen and Vazquez were arrested, police discovered drug paraphernalia in the home the two shared together, including methamphetamine, digital scales, a money counter, handguns, and six pounds of a cutting agent. In addition, witnesses testified that Virgen took care of the house for the couple and that Virgen had counted money from drug payments made in the home and that she was present in home when Vazquez sold methamphetamine on two occasions. Contrary to Virgen's contention, this evidence does not paint a picture of an innocent wife unaware of her husband's illegal activities. Rather, the evidence allows for the reasonable conclusion that Virgen knew the illegal purpose behind the drug conspiracy, and that she knowingly and willfully agreed to join Vazquez

No. 09-10815

and others in the distribution and sale of the methamphetamine. The discovery of drug paraphernalia in Virgen's home and the testimony about Virgen's willing participation in drug deals that occurred inside her residence allows for "a reasonable trier of fact [to] find that the evidence establishes guilt beyond a reasonable doubt." *Bell*, 678 F.2d at 549. The district court, therefore, did not err by denying Virgen's motion for a judgment of acquittal.

V

Finally, Virgen argues that her sentence is substantively unreasonable in light of the totality of the circumstances. Virgen also argues that the district court erred in its consideration of the factors contained in 18 U.S.C. § 3553(a).

We review a trial court's sentencing ruling for an abuse of discretion. *United Sates v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). First, we consider whether the district court committed a procedural error, then we review the substantive reasonableness of the sentence. *Id.* at 764. Virgen failed to preserve her argument as to reasonableness of her sentence or the court's consideration of the § 3553(a) factors. Therefore, we consider these arguments for plain error alone. *Id.* Under this standard, if we hold that the district court procedurally erred, we will not correct the sentence unless the trial court's plain error affects the defendant's substantial rights. *United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

At sentencing, Virgen objected to the presentence report's finding that she was a leader in the criminal conspiracy, which increased her offense level by four levels. The district court overruled the objection and adopted the report's findings. The court then concluded that Virgen's total offense level was forty-three and her criminal history category was I, which gave her an imprisonment range of 720 months under the Sentencing Guidelines. Virgen asked the court to "consider sentence disparity" and noted that the court had sentenced Vazquez to thirty years in prison. Virgen stated: "I would ask the Court to consider a

8

No. 09-10815

sentence of thirty years or less in this case." The Court noted Virgen's concern and downwardly departed from the imprisonment term recommended by the Sentencing Guidelines, sentencing Virgen to a term of 360 months imprisonment (i.e. thirty years).

Without deciding whether the district court procedurally erred, we hold that it would be virtually impossible for the district court's sentence to adversely affect Virgen's substantive rights. First, Virgen specifically asked the trial court to sentence her to "thirty years or less," and the court complied. Second, the district court's sentence constituted a substantial downward departure– by half– from the imprisonment term recommended by the Sentencing Guidelines. Virgen's substantive rights can not be negatively affected by an imprisonment term that is thirty years less than the imprisonment term permitted by the Sentencing Guidelines. Finally, we hold that Virgen's sentence was substantively reasonable because the record clearly demonstrates that she played a critical role as a leader in the methamphetamine conspiracy and knowingly maintained drug dealing operations from her home. Thus, the district court did not abuse its discretion by sentencing Virgen to an imprisonment term of thirty years.

VI

Accordingly, we AFFIRM the district court's judgment.

9