# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2012

Lyle W. Cayce
Clerk

No. 11-50476
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL IBARRA-SOTO, also known as Rafael Ibarra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-141-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Rafael Ibarra-Soto challenges the substantive reasonableness of his guidelines minimum 41-month sentence for illegal reentry. The Government has moved for summary affirmance, or in the alternative, for an extension of time to file an appellate brief. The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief*, 445 F.3d 771, 781 (5th Cir. 2006); *United States v. Taylor*, 631 F.2d 419, 420 & n.1 (5th Cir. 1980); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motion for an extension of time is DENIED in the interest of judicial economy because the Government adequately briefed the issues in its motion.

Ibarra-Soto asserts that the guidelines range overstated the seriousness of his offense, failed to provide just punishment, and undermined respect for the law because his illegal reentry was not a crime of violence, did not pose a danger to others, and amounted to an international trespass. This argument does not overcome the presumption that a guidelines sentence for illegal reentry is reasonable. *See United States v. Aguirre-Villa*, 460 F.3d 681, 682-83 (5th Cir. 2006); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Next Ibarra-Soto contends that his sentence is unreasonable because the illegal reentry guideline double-counted his criminal record by using his prior convictions for indecency/sexual contact with a child to determine his offense level and his criminal history score. Such an argument likewise "provides no real grounds to doubt the reasonableness of his sentence." *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

Finally, Ibarra-Soto asserts that the guidelines range failed to account for his personal history and characteristics, particularly his lengthy residency in the United States, his long marriage, and his seven legal resident children. He also notes he returned for a "benign motive," to receive medical treatment and be with his family. The district court listened to these arguments at the sentencing hearing. It found that Ibarra-Soto's prior offenses distinguished his case more than his length of time in the United States. Nevertheless, the court imposed the minimum sentence under the Guidelines, indicating that the court took Ibarra-Soto's mitigation arguments into account.

Ibarra-Soto does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing sentencing factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He fails to rebut the presumption of reasonableness that applies to his

guidelines sentence.  *See id.*; *Alonzo*, 435 F.3d at 554.  The judgment of the district court is AFFIRMED.