# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2013

Lyle W. Cayce
Clerk

No. 12-40193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE ALLEN HUGHEY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-151-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steve Allen Hughey pleaded guilty to being a felon in possession of a firearm and now appeals the statutory mandatory minimum 15-year prison sentence imposed after the district court concluded that he qualified for an enhancement pursuant to the Armed Career Criminal Act (ACCA). Hughey argues that the district court erred in finding that there was sufficient reliable evidence in his penitentiary (pen) packets to determine that he had committed the three prior convictions used to support the ACCA enhancement. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government has filed a motion for summary affirmance or, in the alternative, an extension of time to file a brief.

The Government's motion for summary affirmance is DENIED. *See United States v. Holy Land Found. for Relief*, 445 F.3d 771, 781 (5th Cir. 2006); *United States v. Taylor*, 631 F.2d 419, 420 & n.1 (5th Cir. 1980); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). In the interest of judicial economy, the motion for an extension of time is also DENIED.

The district court's legal interpretation or application of the Sentencing Guidelines is reviewed de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In addition, we will uphold factual findings unless clearly erroneous. *Id.* In determining whether an ACCA enhancement is proper, the Government bears the initial burden of establishing the defendant's prior convictions by a preponderance of the evidence. *United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008) (*citing United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008)). We have previously found that a pen packet from the Texas Department of Criminal Justice (TDCJ) can be sufficient to prove the existence of prior convictions. *See United States v. Vidaure*, 861 F.2d 1337, 1340-41 (5th Cir. 1988); *United States v. Dancy*, 861 F.2d 77, 79 (5th Cir. 1988).

Hughey specifically argues that a report written by the United States Marshals Service did not properly link him to the fingerprint cards contained in the pen packets. However, Hughey fails to challenge the district court's conclusion that the fingerprints relating to his prior convictions had also been linked to him through, among other things, official records obtained from the TDCJ. His failure to challenge the district court's alternative bases for concluding that the fingerprint cards contained in the pen packets properly linked him to the prior convictions constitutes an abandonment of those issues. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992); Fed. R. App. P. 28(a)(9)(A). Therefore, we need not address his arguments. *See Beaumont*, 972 F.2d at 563.

Accordingly, the judgment of the district court is AFFIRMED.