# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2015

UNITED STATES OF AMERICA,

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

JUDITH LEE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-63

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Judith Lee Williams appeals her guilty plea conviction for conspiracy to produce child pornography and production of child pornography. Williams argues that her guilty plea and the waiver of her appellate rights were not knowing and voluntary. The Government moves to summarily dismiss the appeal as barred by the appeal waiver or, in the alternative, moves for an extension of time to file a brief.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40426

We reject the Government's request for summary dismissal because the issue requires individualized consideration of the facts of Williams's case. *United States v. Holy Land Found. for Relief & Dev.*, 445 F.3d 771, 781 (5th Cir. 2006); *see also United States v. Taylor*, 631 F.2d 419, 420 n.1 (5th Cir. 1980). Williams's claim survives the waiver because this court will not enforce an appeal waiver unless the guilty plea was informed and voluntary. *See United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997). Nevertheless, the signed plea agreement and rearraignment transcript show that Williams freely and knowingly pleaded guilty and waived her appellate rights. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994); *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for summary dismissal is DENIED. The alternative motion for an extension of time to file a brief is DENIED as unnecessary.