

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# USA v. Dicks

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3620

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Dicks" (2008). *2008 Decisions.* Paper 1602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-3620

UNITED STATES OF AMERICA

v.

ANTUAN DICKS,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable Legrome D. Davis
District Court No. 03-cr-00266-1

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

_____

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge**

(Filed: February 14, 2008)

_____

OPINION

_____

*The Honorable Gustave Diamond, Senior District Judge for the United States District
Court for the Western District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*:

With this appeal, Antuan Dicks argues that he is entitled to a new trial because (1) the District Court erroneously admitted other crimes evidence pursuant to the Federal Rules of Evidence, Rule 404(b) ("Rule 404(b)"); (2) the defense has been unable to obtain a complete transcript and reconstructing such a transcript pursuant to the Federal Rules of Appellate Procedure, Rule 10(c) would be impossible; and (3) the District Court erred when it failed to suppress evidence obtained from the search of Dicks' residence at 5466 Morse Street. Because the parties and the District Court are familiar with the case's operative facts, we offer only an abbreviated recitation to explain why we will affirm.

On June 29, 2004, at the conclusion of a week-long jury trial, Dicks was convicted of (1) conspiracy to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846; (2) possession of more than 500 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); (3) possession of more than 50 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); (4) possession of more than 500 grams of cocaine with the intent to distribute within 1,000 feet of an elementary school, in violation of 21 U.S.C. § 860; and (5) possession of more than 50 grams of cocaine base with the intent to distribute within 1,000 feet of an elementary school, in violation of 21 U.S.C. § 860. The District Court sentenced Dicks to life imprisonment. Dicks filed a timely

notice of appeal.[1]

I.

In January of 2003, the Philadelphia Police Narcotics Field Unit executed a search warrant for 5466 Morse Street in Philadelphia. The police found Dicks in the living room of the house and arrested him and his co-defendants, John Ramsey and Corey Long. A complete search of the residence resulted in the seizure of significant quantities of both cocaine base and powder cocaine, digital scales, an amber pot that had been used to "cook" powder cocaine into cocaine base, and other items of contraband.

John Hand, who pleaded guilty to drug charges in an unrelated federal case, testified at trial about sales of crack cocaine by Dicks and others to him during the time frame of the conspiracy charged in the indictment. Hand also testified that he had sold cocaine and cocaine base with Dicks prior to being incarcerated in 1996. At trial, the government also introduced evidence of Dicks' prior conviction for drug trafficking, as well as testimony from a federal probation officer who testified that he was supervising Dicks' release as a result of that same earlier conviction. The jury convicted Dicks of the charges noted above.

II.

Dicks argues that he is entitled to a new trial for three distinct reasons. First, he

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

contends that the District Court erred in admitting, pursuant to Rule 404(b), the three pieces of evidence described in the preceding section that detail Dicks' past involvement in the drug industry. We review the District Court's decision to admit evidence under Rule 404(b) for an abuse of discretion. *United States v. Johnson*, 388 F.3d 96, 100 (3d Cir. 2004). Rule 404(b), which governs the admissibility of character evidence, provides that:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

FED. R. EVID. 404(b). "The Supreme Court gives four guidelines on the admissibility of prior bad act evidence." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (internal citations omitted). Specifically:

> (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rule 402; (3) its probative value must outweigh its prejudicial effect under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted.

*Id.* Accordingly, "where the evidence only goes to show character, or that the defendant had a propensity to commit the crime, it must be excluded. Where, however, the evidence also tends to prove some fact besides character, admissibility depends upon whether its probative value outweighs its prejudicial effect." *Id.* at 887.

Evidence of past drug convictions and activities are admissible in a case involving a drug-related offense if offered for a valid purpose. *Id.* Where the government offers

such evidence, however, it must "clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." *United States v. Gricco*, 277 F.3d 339, 354 (3d Cir. 2002). Here, the government offered the evidence at issue for a valid purpose. Accordingly, the District Court properly admitted it.

First, the government offered evidence of Dicks' prior conviction to prove that Dicks possessed the requisite knowledge and intent to commit the drug offenses with which they charged him. As we held in *United States v. Givan*, 320 F.3d 452 (3d Cir. 2003), evidence of a prior drug conviction is admissible to show knowledge and intent because such a conviction makes it more probable that the defendant had knowledge of the instant drug distribution scheme. *Id.* at 461. Similarly, John Hand's testimony regarding his prior drug dealing relationship with Dicks, which pre-dated the instant indictment, was admissible because it is relevant to an acceptable purpose under Rule 404(b). Such testimony was relevant in that it provided context regarding Hand's relationship with Dicks and enhanced the credibility of Hand's testimony regarding events charged in this case. Evidence of prior uncharged activity between a defendant and one of his co-conspirators is admissible in order to give the jury "a complete story of the crime by explaining the circumstances of the alleged relationship between the alleged conspirators . . . "). *United States v. Butch*, 256 F.3d 171, 176 (3d Cir. 2001).

Finally, Probation Officer Todd Morrow's testimony that Dicks was on supervised

release, because of the drug conviction previously discussed, was properly admitted because it (1) explained why Morrow was keeping track of Dicks' residence; and (2) lent credibility to Morrow's testimony that Dicks resided at 5466 Morse Street because lying about his residence would have constituted a violation of the terms of Dicks' supervised release. Dicks concedes that Morrow's testimony was relevant to a valid purpose, but nonetheless contends that the evidence was unfairly prejudicial. We disagree, especially given that evidence of Dicks' past drug conviction and drug activities were already admissible for the reasons articulated above. Additionally, the record shows that the District Court properly provided a limiting instruction to the jury regarding the purpose for which they could consider all of the contested evidence described above.

In sum, we conclude that the District Court did not abuse its discretion in admitting, pursuant to Rule 404(b), evidence detailing Dicks' past involvement in the drug industry.

Dicks also argues that he is entitled to a new trial because the defense has been unable to obtain a fully complete transcript and reconstructing such a transcript would be impossible. 28 U.S.C. § 753(b) provides, in relevant part, that "each session of the court . . . shall be record[ed] verbatim . . . ." However, we have held that "the failure to comply with the Court Reporter Act [section 753] does not warrant reversal without a specific showing of prejudice . . . . *United States v. Sierra*, 981 F.2d 123, 125 (3d Cir. 1992). Dicks has not made such a showing.

The primary prejudice that Dicks points to is his lack of access to "the piece of evidence which introduced the defendant's prior drug conviction and the testimony of Probation Officer Todd Morrow."  The record would be more clear if it contained that evidence, but we fail to see how its absence prejudices Dicks' ability to contest, on appeal, the District Court's admission of certain "other acts" evidence given that the substance of the evidence in question is not in doubt.  Accordingly, we conclude that the record is sufficient to enable meaningful appellate review and that Dicks is not entitled to a new trial based upon the absence of a complete transcript.

Finally, Dicks argues that he is entitled to a new trial because the District Court erred when it failed to suppress evidence obtained from the search of Dicks' residence at 5466 Morse Street.  Specifically, Dicks contends that the affidavit supporting the search warrant for the Morse Street residence (1) did not establish probable cause and (2) "was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," such that the police could not rely on the good faith exception to the warrant requirement.[2]  We disagree.

"When faced with a challenge to a magistrate's probable cause determination, a reviewing court must remember that its role is limited.  It is not to conduct a *de novo* review.  Rather, it simply ensures that the magistrate had a substantial basis for

_____

[2] We review the District Court's denial of a motion to suppress "for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts."  *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

7

concluding that probable cause existed." *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993). Here, Dicks argues that there was no "substantial basis" for the magistrate to conclude that probable cause existed. Specifically, Dicks contends that the Affidavit of Probable Cause was deficient because it failed to (1) note the criminal background, if any, of the confidential informant cited within it; (2) adequately establish the reliability of the confidential informant; and (3) cite any independent police corroboration of the information the confidential informant provided. Dicks' arguments are unavailing.

First, there is no requirement that police detail the criminal background, if any, of a confidential informant. The test is simply whether the Affidavit as a whole provided a substantial basis for the magistrate judge to conclude that probable cause existed. Second, the record indicates that the Affidavit at issue did establish the reliability of the confidential informant. For example, the Affidavit notes that the confidential informant had previously made numerous controlled narcotics purchases, which led to the arrest of several persons. Additionally, the police corroborated information the confidential informant provided regarding where the drugs Dicks supplied were being sold, and by whom.

Accordingly, we are well satisfied that the four corners of the Affidavit established probable cause. We will therefore affirm the judgment of the District Court.