**UNITED STATES of America**

v.

**Antuan DICKS, Appellant.**

**No. 05–5111.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) March 7, 2008.

Filed: April 2, 2008.

Francis C. Barbieri, Jr., Office of United States Attorney, Philadelphia, PA, for United States of America.

William R. Spade, Jr., Philadelphia, PA, for Appellant.

BEFORE: FISHER, GREENBERG, and ROTH, Circuit Judges.

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal by Antuan Dicks from an order entered on November 10, 2005, revoking a term of supervised release previously imposed on him and sentencing him to a 60–month custodial term to be served consecutively to a term of life imprisonment that he was serving on offenses dis-

tinct from those involved in this case. Dicks originally pleaded guilty on June 9, 1997, to an indictment charging him with conspiracy to distribute cocaine and related offenses. At the sentencing hearing on February 5, 1998, the District Court, after granting the government's motion to depart downward from the Sentencing Guidelines range pursuant to U.S.S.G. § 5K1.1, sentenced Dicks to a 72–month custodial term to be followed by a three-year term of supervised release. It also levied a special assessment of $1,250 against Dicks.

On December 4, 2001, the District Court modified the terms of the supervised release so as to require Dicks to pay $100 monthly installments on his special assessment. On January 8, 2003, while Dicks was on supervised release, the Philadelphia Police Department arrested him and charged him with possession of a controlled substance with intent to distribute and firearm offenses. Subsequently, a grand jury in the Eastern District of Pennsylvania indicted Dicks and certain other people for conspiracy to distribute cocaine and crack cocaine and related offenses. At the ensuing trial, a jury convicted Dicks of two counts of possession with intent to distribute more than 500 grams of cocaine and three counts of possession with intent to distribute more than 50 grams of crack cocaine. The District Court in that case on July 26, 2005, sentenced Dicks to life imprisonment to be followed by ten years of supervised release and we have affirmed the judgment of conviction and sentence in that case. *See United States v. Dicks,* 264 Fed.Appx. 252 (3d Cir.2008).

As might be expected Dicks's January 8, 2003 arrest triggered proceedings leading to charges against him for violating the terms of his supervised release. These proceedings culminated on November 9, 2005, when the District Court held a hearing on the charges at which Dicks conceded his violations. The District Court found that Dicks's drug distribution convictions constituted grade A violations of the general condition of his supervised release that he not commit any state, federal, or local crimes. The court also found that Dicks failed to make three of his required $100 monthly payments towards his $1,250 special assessment, an omission which constituted a grade C violation.

As a consequence of its findings the District Court revoked Dicks's term of supervised release and sentenced him to a 60–month custodial term to run consecutively to the life sentence imposed on July 26, 2005. The court entered its order on November 10, 2005, and Dicks has appealed from that order.

On November 23, 2005, we appointed William R. Spade, Esq., of Philadelphia, as Criminal Justice Act counsel for Dicks on this appeal. On May 1, 2007, Spade filed a motion pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), for permission to withdraw as counsel for Dicks and he also filed a brief in accordance with *Anders.* Spade indicated in his brief that he "has conscientiously reviewed the record in this case [and] has come to the conclusion that there are no issues of arguable merit to be raised on the appeal." Appellant's br. at 5. Similarly, in his motion he indicated that "after conducting a conscientious review of the record, counsel for appellant filed a brief pursuant to *Anders* ... in which he concluded that there are no issues of arguable merit to be raised on appeal." In both his brief and his motion Spade points out that he reached his conclusion after communicating with Dicks. A certificate of service accompanying both the brief and the motion show that Spade served them on Dicks.

On May 15, 2007, the clerk of our court addressed a letter to Dicks advising him that he had 30 days from the date of that letter "in which to raise any points that you choose which explain why your conviction and/or sentence should be overturned." Even though the letter pointed out that Dicks could raise his points in a formal or informal brief he has not filed any brief. The government has filed a brief agreeing with Spade that any claim Dicks could make on this appeal "would lack any basis in law or fact" and urging that we should grant Spade's "request to withdraw, and affirm the judgment on the merits." Appellee's br. at 10.

In *McCoy v. Court of Appeals*, 486 U.S. 429, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988), the Court made it clear that an attorney seeking to withdraw pursuant to *Anders* "has provided the client with a diligent and thorough search of the record for any arguable claim", *id.* at 442, 108 S.Ct. at 1904, before concluding "that the appeal lacks any basis in law or fact." *Id.* at 438 n. 10, 108 S.Ct. at 1902 n. 10. Spade's brief shows that he did exactly that and has concluded that "the only claim that could be raised in this case is that the District Court did not consider all of the sentencing goals under 18 U.S.C. § 3553(a), and that the sentence is unreasonable." Appellant's br. at 6. We have made a similar search of the record and have come to the same conclusion and, in particular, have concluded that a challenge to the sentence on the basis that it is unreasonable would be completely without any merit. *See Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

For the foregoing reasons we will grant Spade's motion to withdraw and will affirm the order of November 10, 2005, revoking Dicks's term of supervised release and sentencing him to a 60–month custodial term to be served consecutively to his term of life imprisonment.